THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN H. SMITH, Defendant-Appellant.

Fourth District   No. 4—82—0480

Opinion filed March 7, 1983.

Fred W. Johnson, of Robert L. Douglas, Ltd., of Robinson, for appellant.

David W. Lewis, State's Attorney, of Marshall (Robert J. Biderman and Denise M. Paul, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

Defendant, John H. Smith, appeals from a judgment of the circuit court of Clark County entered on July 14, 1982, after a bench trial, convicting him of driving while his license was revoked (Ill. Rev. Stat. 1981, ch. 95½, par. 6—303), sentencing him to 30 days' imprisonment and fining him $100. We affirm.

Defendant's sole contention on appeal is that the trial court violated his privilege to confront the witnesses against him as guaranteed by the sixth amendment as incorporated in the fourteenth amendment. (U.S. Const., amends. VI, XIV.) He asserts this violation took place when the trial court admitted into evidence an abstract from the office of the Secretary of State, certified to by that officer and containing a copy of an order of that officer revoking defendant's license to drive on October 6, 1971.

Defendant concedes that, under Illinois practice, the admission of the abstract was proper. Subsections (a) and (b) of section 6—117 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 6—117(a), (b)) direct the Secretary of State to keep records of the issuance and revocation or suspension of drivers licenses respectively. Section 6—118(b) of the Code (Ill. Rev. Stat. 1981, ch. 95½, par. 6—118(b)) provides for the Secretary to furnish abstracts of drivers records which includes matters of the driver's "registration." Section 6—118(f) (Ill. Rev. Stat. 1981, ch. 95½, par. 6—118(f)) states that such an abstract issued to a law enforcement agency upon its request for information as to the "status of [a person's] driver's license shall be *prima facie* evidence of the facts therein stated ***." In addition, section 2—108 of the Code states:

> "The Secretary of State is hereby authorized to prepare under the seal of the Secretary of State certified copies of any records of his office and every such certified copy shall be admissible in any proceeding in any court in like manner as the original thereof." Ill. Rev. Stat. 1981, ch. 95½, par. 2—108.

The proof of records of the Secretary of State to show that an in-

dividual's driver's license has been revoked has been approved. (*People v. White* (1961), 21 Ill. 2d 373, 172 N.E.2d 794; *People v. Younge* (1980), 83 Ill. App. 3d 305, 404 N.E.2d 415; *People v. Johnson* (1978), 64 Ill. App. 3d 377, 380 N.E.2d 1095.) This is but an extension of the common law rule that a public record may be proved by a copy thereof certified by the custodian. See E. Cleary & M. Graham, Handbook of Illinois Evidence sec. 901.8, at 490 (3d ed. 1979).

Relying on the decision of the United States Supreme Court in *Ohio v. Roberts* (1980), 448 U.S. 56, 65 L. Ed. 2d 597, 100 S. Ct. 2531, defendant maintains that, any statutory or common law rule permitting foundation proof of the authenticity of the copy of the records involved by certificate of the Secretary of State without proof of the unavailability of the keeper of the records is violative of the confrontation clause. He argues that the lack of specificity of the statutes as to how the driver's records are to be kept, make it too difficult for an accused in a misdemeanor case to check the records before trial to determine the evidence against him and the accuracy of the records. He claims that his difficulty here is magnified because a misdemeanor charge is involved, and he has no right to discovery. He also maintains that because of the Secretary of State's interest in keeping unsafe drivers off the roads, the Secretary might be biased in making the certificate.

In *Roberts,* a transcript of the testimony of a prosecution witness given at a preliminary hearing was tendered by the State and admitted into evidence at trial over defense objection. Certain evidence was introduced as to the unavailability of the witness. Ultimately, the United States Supreme Court held the admission of the evidence was proper. It reasoned that the defense had sufficient opportunity to examine the witness at the preliminary hearing to make the testimony likely to be reliable, and the unavailability of the witness was proved. The court discussed the purpose and operation of the confrontation clause and its relationship to the rules concerning hearsay. The court stated:

> "In sum, when a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate 'indicia of reliability.' Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception." (448 U.S. 56, 66, 65 L. Ed. 2d 597, 608, 100 S. Ct. 2531, 2539.)

Previous to the above language, footnote 8 to the opinion noted a

Louisiana law review article which stated, "Properly administered the business and public records exceptions would seem to be among the safest of the hearsay exceptions." Comment, 30 La. L. Rev. 651, 668 (1970), as noted in *Ohio v. Roberts* (1980), 448 U.S. 56, 66, 65 L. Ed. 2d 597, 608, 100 S. Ct. 2531, 2539.

From the language used in *Roberts,* one could infer that the court deemed the unavailability of a record custodian to give foundation testimony to be a condition precedent to proving the contents of a public record by a certified copy. Such an inference would, at most, create *dictum,* because the *Roberts* court upheld the introduction of the hearsay evidence, and the evidence did not concern the contents of a public record. Moreover, the opinion stated that unavailability was required "normally." The rule that the contents of public records may be proved by certified copy would be the most logical exception to that which would be normally required. Rule 902(4) of the Federal Rules of Evidence (Fed. R. Evid. 902(4)) permits proof of public records by copy certified by the custodian or other person authorized to make the certificate. The rule makes no limitation upon the use of such certified copies against an accused in a criminal case. The United States Supreme Court adopted those rules. Despite the broad language of the opinion, we do not interpret it to indicate an intent to modify its own rules or the longstanding practice of proving public records even to the limited extent suggested by defendant. The rule suggested by defendant would be most impractical and would create a dispute in many cases as to the specificity of the statutory language in regard to the keeping of the records and as to the interest of the custodian in enforcement of the laws involved. We reject defendant's theory.

Accordingly, we affirm.

Affirmed.

WEBBER, P.J., and MILLER, J., concur.