STATE of Wisconsin, Plaintiff-Appellant,
v.

John LEIS, Defendant-Respondent.

Court of Appeals

*No. 86–0416–CR. Submitted on briefs August 13, 1986.—Decided
October 28, 1986.*

(Also reported in 397 N.W.2d 498.)

For the plaintiff-appellant the cause was submitted on the briefs of *Bronson C. La Follette*, attorney general, and *Robert D. Repasky*, assistant attorney general.

For the defendant-respondent the cause was submitted on the brief of *Alvin L. Woodmansee* of Viroqua.

Before Gartzke, P.J., Dykman and Eich, JJ.

DYKMAN, J. Defendant was prosecuted under sec. 343.44, Stats., for driving after his operating privilege had been revoked.[1] The state appeals from an order suppressing his nine page driving record. The trial court suppressed the record because it was not self-authenticating under sec. 909.02, Stats.,[2] and because the accompanying certificate did not state that the legal custodian

---

[1] Defendant's operating privilege was subsequently suspended. The penalty for driving after suspension or revocation is the same.

[2] Section 909.02, Stats., provides in part:

had personally compared the copies with the originals, as required by sec. 889.08(1), Stats.[3] Because the trial court abused its discretion in suppressing defendant's entire driving record, we reverse that part of the order. However, we affirm that part of the order suppressing the typed summary of defendant's status.

## FACTS

To prove revocation, the state attempted to introduce defendant's driving record as prepared by the Department of Transportation, Division of Motor Vehicles. This consisted of two certificates bearing the State of Wisconsin, Department of Transportation seal and a

---

Extrinsic evidence of authenticity as a condition precedent to admissiblity is not required with respect to the following:

(1) A document bearing a seal purporting to be that of the United States, or of any state, district, commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer or agency thereof, and a signature purporting to be an attestation or execution.

. . . .

(4) A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with sub. (1), (2) or (3) or complying with any statute or rule adopted by the supreme court.

[3] Section 889.08, Stats., provides in part:

(1) Whenever a certified copy is allowed by law to be evidence, such copy shall be certified by the legal custodian of the original to have been compared by him with the original, and to be a true copy thereof or a correct transcript therefrom, or to be a photograph of the original; such certificate must be under his official seal or under the seal of the court, public body or board, whose custodian he is, when he or it is required to have or keep such seal.

facsimile signature of the division Administrator, a printout of defendant's driving record,[4] a typed summary of defendant's status, a notice of cancellation of financial proof, two affidavits of mailing, and orders of revocation and suspension. The state also submitted the affidavit of the supervisor of the Revocation and Suspension Unit to explain how the unit prepares a certified driving record.

Although the trial court found that the documents were public records, it held them inadmissible under sec. 909.02(1), Stats., because each page did not contain a seal. The court concluded the record was not admissible under sec. 909.02(4) because the legal custodian did not certify that he personally compared the copies of defendant's driving record with the originals as required by sec. 889.08(1), Stats. The court also concluded that admission of the record would hinder defendant's right to confront his accuser because it could not be easily determined who prepared the certified record.

*STANDARD OF REVIEW*

We review the trial court's evidentiary ruling to determine if the court "exercised its discretion in accordance with accepted legal standards and . . . the facts of record." *State v. Pharr*, 115 Wis.2d 334, 342, 340 N.W.2d 498, 501 (1983), quoting *State v. Wollman*, 86 Wis.2d 459, 464, 273 N.W.2d 225, 228 (1979). A trial court abuses its discretion when it misapplies or misinterprets the law. *Midwest Developers v. Goma Corp.*, 121 Wis.2d 632, 650, 360 N.W.2d 554, 563 (Ct.App. 1984).

---

[4] This printout is in the form of an abstract which is an authorized record under secs. 343.23(2) and 343.24(1), Stats.

## DEFENDANT'S DRIVING RECORD

Defendant's driving record is a public record and admissible as an exception to the hearsay rule. Section 908.03(8), Stats.[5] *See* secs. 343.23(2) and (3) and 343.24(1), Stats., (department is required to maintain a record for each motor vehicle licensee).

Section 910.05, Stats., provides that the "contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form" may be proved by certifying that the document is correct, in accordance with sec. 909.02., Stats. Extrinsic evidence of authenticity is not required as a precondition to admissibility when a public document is self-authenticating. Section 909.02.

Defendant's driving record is self-authenticating by virtue of a certificate attached to the record bearing the State of Wisconsin, Department of Transportation seal and the facsimile signature of the Administrator of the Division of Motor Vehicles attesting to the record's authenticity. Section 909.02(1), Stats. Section 110.015, Stats., expressly authorizes the division's administrator, through his authorized employees, to affix his facsimile signature to all certifications of records.

---

[5] Section 908.03(8), Stats., provides:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law, or (c) in civil cases and against the state in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

A record is authenticated by a certificate which properly and sufficiently identifies the record to which it is attached. *Woodworth v. McKee*, 102 N.W. 777 (Iowa 1905). In *Sherburne, Adm'r v. Rodman*, 51 Wis. 474, 478, 8 N.W. 414 (1881), the court upheld a trial court's ruling that multi-page court records accompanied by a proper certificate were admissible. Here, the certificate attached to defendant's driving record describes the attached documents and certifies that the copies are true and accurate photographs of the original record. Because the certificate sufficiently identifies the record to which it is attached, it is unnecessary that each page of the record be under seal to assure authenticity. Therefore, the trial court erroneously concluded that the record was not under seal because each page did not contain a seal.

No other certification procedure is necessary when a record has been certified under sec. 909.02, Stats. The trial court erred in requiring that the record be certified in accordance with sec. 889.08, Stats. Section 889.08(1) provides that a certified copy "shall be certified by the legal custodian of the original to have been compared by him with the original, and to be a true copy thereof." Section 909.02(1) does not require that the legal custodian personally compare the copy with the original. The statute only requires that the custodian certify that the record is correct by a seal and a signature purporting to be an attestation. Defendant has not challenged the accuracy of the record's contents. Because defendant's record was certified in accordance with sec. 909.02(1), the trial court erred in applying the certification requirements of sec. 889.08(1).

We conclude that the typed summary of defendant's status is inadmissible, however. It is not a public document authorized to be recorded or filed pursuant to secs. 343.23 or 343.24, Stats. The trial court did not err in excluding it.

The trial court misapplied sec. 909.02, Stats., thereby abusing its discretion. Accordingly, we reverse that part of the trial court's order suppressing the entire record and affirm that part of the trial court's order suppressing the typed summary of defendant's status.

## *RIGHT OF CONFRONTATION*

Defendant asserts that admission of his driving record would deny his right of confrontation guaranteed by the sixth amendment to the United States Constitution and art. I, sec. 7 of the Wisconsin Constitution, and his right to due process guaranteed by the fifth and fourteenth amendments to the United States Constitution. The trial court agreed with defendant that the record preparer's identity is not easily discerned from the certified record.

Ordinarily, the United States Supreme Court and the Wisconsin Supreme Court employ a two-step analytical approach to determine whether defendant's right of confrontation was violated. First, the prosecution must either produce the declarant or show that he or she is unavailable. Second, the prosecution must show that the declarant's statement bears indicia of reliability. *State v. Buelow*, 122 Wis.2d 465, 478, 363 N.W.2d 255, 262 (Ct.App. 1984), citing *Ohio v. Roberts*, 448 U.S. 56, 65 (1980).

Limited exceptions to proving the declarant's unavailability have been recognized, however. "[H]earsay exceptions . . . may in some circumstances overlap and pose situations in which neither cross-examination nor prosecutorial proof of the 'unavailability' of a witness is necessary." *Hagenkord v. State,* 100 Wis.2d 452, 472, 302 N.W.2d 421, 432 (1981). In *Hagenkord,* the state introduced hospital records excepted from hearsay by sec. 908.03(6m), Stats., to show that defendant had sexual intercourse with the victim. Defendant objected on confrontation grounds because the state did not produce the record maker. *Id.* at 458, 302 N.W.2d at 425. The *Hagenkord* court held that the hospital records satisfied the confrontation clause "regardless of the record maker's practical availability or unavailability." *Id.* at 476, 302 N.W.2d at 434. They were admissible into evidence because they "[bore] . . . an unusual indicia of reliability and trustworthiness," and because defendant had not challenged the record entries' accuracy. *Id.* at 478, 302 N.W.2d at 434.

Defendant's driving record is analogous to the hospital records in *Hagenkord.* His driving record is a public record admissible as an exception to the hearsay rule. Section 908.03(8), Stats. The *Hagenkord* court observed that hospital records "have extremely high marks in terms of trustworthiness and reliability. They are admissible under the hearsay rule for that very reason . . . and . . . are sufficient to satisfy the confrontation clause . . . " *Id.* at 476, 302 N.W.2d at 434. We conclude that this observation applies equally to public records.

A driving record reports historical facts about the driver and contains neither opinions nor conclusions. A

defendant can review his or her driving record to determine if the entries are accurate. Had defendant questioned the accuracy of the record, the preparer's identity could be discovered from the code letters appearing on the record abstract, according to the affidavit of the supervisor of the unit which prepares certified driving records. Where there is no suggestion that defendant's driving record is inaccurate, its admission does not violate the confrontation clause and the state need not produce the record's preparer or show that the preparer is unavailable.

*By the Court.*—Order affirmed in part and reversed in part.