[No. 56158–3.   En Banc.   December 28, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. GILBERT MONSON, *Petitioner.*

*Suzanne Lee Elliott* of *Associated Counsel for the Accused,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Scott A. Peterson, Pamela Mohr,* and *Carol Spoor, Deputies,* for respondent.

BRACHTENBACH, J.—This case involves the admissibility of a certified copy of a defendant's driving record to establish that the defendant's driver's license was suspended or revoked. Three issues are presented: (1) Does RCW 5.44-.040 provide for admissibility of a public record (here a certified copy of a defendant's driving record) as an exception to the hearsay rule; (2) If RCW 5.44.040 provides for

admissibility of a public record, does admission of the certified copy of the driving record violate defendant's constitutional right to confrontation; and (3) Is there a Washington rule that excludes otherwise admissible hearsay because that hearsay goes "to the heart of an issue" in the case—a theory which apparently originated with *State v. White,* 72 Wn.2d 524, 530, 433 P.2d 682 (1967).

On October 25, 1985, a state trooper stopped defendant on Interstate 405 after noticing that the car defendant was driving had expired license tabs. The officer ran a computer check on defendant and learned that his driver's license had been revoked. He cited defendant for driving while his driver's license was revoked or suspended and for driving a vehicle with expired tabs. At defendant's trial in Northeast District Court, the State sought to introduce as evidence a certified copy of defendant's driving record obtained from the Department of Licensing in Olympia, in order to establish that defendant's driving privilege was revoked at the time he was cited. Defendant maintained that his license was not revoked.

Defendant objected to admission of the record, on the grounds that it constituted hearsay and that admission of the document would violate his right to confrontation. The trial court overruled the objection, and the record was admitted. The record consists of: (1) a cover letter which includes a certification by the legal custodian of driving records of this state that such records are official and maintained in the office of the Department of Licensing in Olympia, that the information in the record pertains to defendant, that two attached documents (an order of revocation and an abstract of driving record) are true and accurate copies of defendant's official record, and that after diligent search there is no document or other evidence in defendant's official record to indicate that as of October 25, 1985, the Department had reinstated defendant's driving privilege; (2) a copy of the order of license revocation dated September 30, 1985, which was mailed to defendant's last known address and informed him that on October 10, 1985,

he must stop driving and must send his driver's license to the Department, and that his driving privilege had been revoked for 1 year for driving while his license was revoked; and (3) an abstract of defendant's 5-year driving record. Clerk's Papers, at 4–6. Defendant was convicted.

Defendant filed an RALJ appeal; King County Superior Court upheld the conviction. He next sought discretionary review by the Court of Appeals, which also affirmed his conviction. *State v. Monson*, 53 Wn. App. 854, 771 P.2d 359 (1989). Defendant petitioned for review, which this court granted. We affirm.

The first issue is whether RCW 5.44.040 provides for admissibility of the certified copy of defendant's driving record, which disclosed that defendant's driving privilege was revoked at the time he was cited.

The certified copy of defendant's driving record is a hearsay statement. It is a written assertion made out of court and offered at trial to prove the truth of the matter asserted, *i.e.*, that at the time he was cited, defendant's driving privilege was revoked. *See generally* E. Cleary, *McCormick on Evidence* § 246, at 729 (3d ed. 1984). The trial court admitted the document pursuant to RCW 5.44-.040, which provides:

> Copies of all records and documents on record or on file in the offices of the various departments of the United States and of this state, when duly certified by the respective officers having by law the custody thereof, under their respective seals where such officers have official seals, shall be admitted in evidence in the courts of this state.

The language of the statute has been the same since 1891. *See* Laws of 1891, ch. 19, § 16.

By its terms, the statute (1) describes the way in which a public record is authenticated, and (2) directs admission thereof into evidence despite its hearsay character. As to the first of these, the statute provides for authentication of public records by requiring that the document be duly certified by the respective officer having custody, under seal where the officer has an official seal. ER 902(d) also provides for self-authentication of certified copies of public

records. Extrinsic evidence of authentication is not required with respect to:

A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification . . .

by certificate complying with the rule or applicable law of the United States or a state. ER 902(d). The comment to ER 902 explains that ER 902 is the same as the federal rule, but two subsections, including subsection (d), have been modified to adapt the rule to state practice. The comment to the rule explains that statutory methods of authentication are preserved, for example, RCW 5.44. The comment to subsection (d) explains that the rule defers to statutes such as RCW 5.44.

As can be seen, the statute, which long preceded the evidence rule, describes the method for self–authentication of public records, and, when adopted, the evidence rule was modified to conform to the statute.

■ As to the second function of the statute, defendant claims that the statute is only a rule of authentication, and does not provide for admissibility of hearsay. This is incorrect. The language of the statute is clear: "Copies of all records . . . when duly certified . . . shall be admitted in evidence in the courts of this state." RCW 5.44.040.

Further, this court has treated the statute as a codification of the common law public records hearsay exception. *See, e.g., State v. Kelly,* 52 Wn.2d 676, 680, 328 P.2d 362 (1958); *Steel v. Johnson,* 9 Wn.2d 347, 352, 115 P.2d 145 (1941); *State v. Johnson,* 194 Wash. 438, 78 P.2d 561 (1938). *Accord, State v. Malone,* 9 Wn. App. 122, 130, 511 P.2d 67 (abstract of record of convictions at issue), *review denied,* 82 Wn.2d 1011 (1973); *State v. King,* 9 Wn. App. 389, 393, 512 P.2d 771 (police booking sheet at issue), *review denied,* 83 Wn.2d 1003 (1973).[1]

---

[1]In *State v. Bolen,* 142 Wash. 653, 658, 254 P. 445 (1927), this court declined to decide whether the statute codifies the hearsay exception and analyzed the case

Defendant's position is concededly supported by a Court of Appeals opinion. In *State v. Dibley*, 38 Wn. App. 824, 691 P.2d 209 (1984) (Division Two), *review denied*, 103 Wn.2d 1016 (1985), the defendant was charged with first degree robbery. The State sought admission of a codefendant's statement on plea of guilty. While the court held the statement admissible, it disagreed with the State's contention that RCW 5.44.040, standing alone, provided a sufficient basis to admit the statement. The court said: "That statute, on its face, only provides for authentication, *i.e.*, a method for proving that a document is what it purports to be. . . . A document can be what it purports to be and still be unreliable hearsay." (Footnote and citations omitted.) *Dibley*, at 828–29.

In *Dibley*, Division Two further noted, though, that the statute has also been interpreted as a codification of the public records exception to the hearsay rule, citing *Kaye v. Department of Licensing*, 34 Wn. App. 132, 659 P.2d 548 (1983). *Dibley*, at 828 n.4. The court said, however, that it is questionable whether that interpretation is still valid following the adoption of the evidence rules. Even if it is, the court continued, the document at issue in the case would not qualify anyway. *Dibley*, at 828 n.4.

Contrary to Division Two's reasoning, there is no question about the interpretation of the statute as codifying the public records exception to the hearsay rule. When this court adopted the evidence rules it did not adopt as part of ER 803 a hearsay exception for public records and reports. Instead, ER 803(a)(8) states: "[Reserved. See RCW 5.44-.040.]" The comment to ER 803(a)(8) explains: "Federal Rule 803(8) is deleted, not because of any fundamental disagreement with the rule, but because the drafters felt that the subject matter was adequately covered by the statute

under common law principles. *See also Grant v. Fisher Flouring Mills Co.*, 190 Wash. 356, 68 P.2d 210 (1937). These decisions precede the cases cited herein where we have treated the statute as a codification of the common law public records exception to the hearsay rule.

and decisions already familiar to the bench and bar." The reference to the statute in ER 803 and the comment show that the reason the federal public records hearsay exception was not adopted was because the statute already provided for the exception. Further, because existing decisional law was approved, cases in which the courts have treated the statute as codifying the common law hearsay exception continue in force.

The other two cases relied upon by defendant do not compel a different result. In *Kaye,* at 133–34, the court expressly recognized that the statute has been interpreted as a codification of the public records hearsay exception. In *State v. Thompson,* 35 Wn. App. 766, 669 P.2d 1270 (1983), the court held that RCW 5.44.040 does not provide the sole means for authenticating public documents, but did not hold that the statute is a rule of authentication only.

We affirm the Court of Appeals holding that RCW 5.44-.040 provides for admissibility of certified copies of public records as an exception to the hearsay rule.

The Court of Appeals correctly noted, however, that not every public record is automatically admissible under the statute. As this court held:

> In order to be admissible, a report or document prepared by a public official must contain facts and not conclusions involving the exercise of judgment or discretion or the expression of opinion. The subject matter must relate to facts which are of a public nature, it must be retained for the benefit of the public and there must be express statutory authority to compile the report.

*Steel v. Johnson,* 9 Wn.2d 347, 358, 115 P.2d 145 (1941). Defendant's petition for review raises no issue respecting whether the certified copy of his driving record meets these requirements. We stress that the only arguments relating to admissibility which defendant makes concern RCW 5.44-.040 and the confrontation clauses of the state and federal constitutions.

The second issue is whether admission of the certified copy of defendant's driving record violated his right to confrontation. Defendant argues that admission of the record

violates his right to confrontation absent a showing of unavailability of the hearsay declarant. He identifies three declarants: the custodian of the record, the agent for the Department of Licensing who signed the letter informing defendant that his driving privilege was revoked, and the person who certified the mailing of this letter.

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . .". U.S. Const. amend. 6. Washington's constitution provides: "In criminal prosecutions the accused shall have the right . . . to meet the witnesses against him face to face . . .". Const. art. 1, § 22 (amend. 10). Key to the right to confrontation is provision of the opportunity to cross–examine witnesses. *State v. Parris*, 98 Wn.2d 140, 144, 654 P.2d 77 (1982) (citing *Davis v. Alaska*, 415 U.S. 308, 315, 39 L. Ed. 2d 347, 94 S. Ct. 1105 (1974)). "The purpose of such confrontation is to test the perception, memory and credibility of witnesses." *Parris*, at 144 (citing *Davis*, at 316)). Further, it tests the witnesses' narrative powers. *Parris*, at 144 (citing E. Cleary, *McCormick on Evidence* § 245 (2d ed. 1972)).

Where the witness is unavailable to testify, the right of confrontation may be violated when an out–of–court statement is admitted. *Parris*, at 144. But the state and federal clauses do not require exclusion of all hearsay statements. *Ohio v. Roberts*, 448 U.S. 56, 64, 65 L. Ed. 2d 597, 100 S. Ct. 2531 (1980); *Parris*, at 144.

In *Roberts*, the United States Supreme Court examined admissibility of prior testimony under confrontation clause principles, and summarized its conclusion:

> In sum, when a hearsay declarant is not present for cross–examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate "indicia of reliability." Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least

absent a showing of particularized guarantees of trustworthiness.

*Roberts,* at 66.

Defendant relies upon *Roberts* and this court's cases following *Roberts.* He points out that this court has recently stated that the confrontation clause restricts the range of admissible hearsay in two ways: by requiring a demonstration of the unavailability of the declarant if the declarant is not produced at trial, and by a showing that the statement bears adequate indicia of reliability. *See, e.g., State v. Terrovona,* 105 Wn.2d 632, 642, 716 P.2d 295 (1986); *State v. Ryan,* 103 Wn.2d 165, 170, 691 P.2d 197 (1984). Defendant appears to argue that a showing of unavailability is always required before hearsay can be admitted.

The State argues, on the other hand, that a public document is not a witness and thus the confrontation clause is not applicable. In some cases this view is stated. *See State v. Kelly,* 52 Wn.2d 676, 682, 328 P.2d 362 (1958); *State v. Johnson,* 194 Wash. 438, 448, 78 P.2d 561 (1938).

More recently, however, we have analyzed documentary evidence under hearsay and right to confrontation principles. *State v. Kreck,* 86 Wn.2d 112, 542 P.2d 782 (1975). In *Kreck,* in the context of the business records exception to the hearsay rule, the court held that admission of business records does not violate a defendant's right to confrontation. *Accord, State v. Smith,* 16 Wn. App. 425, 433, 558 P.2d 265 (1976), *review denied,* 88 Wn.2d 1011 (1977); *State v. Bradley,* 17 Wn. App. 916, 919, 567 P.2d 650 (1977), *review denied,* 89 Wn.2d 1013 (1978).

Our decision in *Kreck* preceded that of the United States Supreme Court in *Roberts,* but, as will become apparent, *Kreck* is still sound.

In *Kreck,* the record at issue was a laboratory report of a blood test. This court said that RCW 5.45.020 (providing for admission of business records) contains no requirement that the person who prepared the document must be shown

to be unavailable before the record can be admitted. *Kreck,* at 119. The court noted that in the routine activity giving rise to the report, the persons involved were unlikely to recall the details of the transaction or event in question, and that the purpose of the statute was to avoid calling such persons as witnesses. *Kreck,* at 120. The court held that because the report met the requirements for admissibility under the statute and the circumstances under which it was prepared demonstrated its trustworthiness, it was sufficiently reliable to meet the reliability requirements of the state and federal constitutions. *Kreck,* at 121. *See also State v. Bolen,* 142 Wash. 653, 663–64, 254 P. 445 (1927). *Kreck* and *Bolen* indicate that there need be no showing of unavailability of the witness where admissibility of public records is concerned.

■ ■ Contrary to defendant's argument, *Roberts* did not later establish a rule that unavailability must be shown in each instance for hearsay to be admissible. Instead, in *Roberts,* at 66, the court said that "when a hearsay declarant is not present for cross–examination at trial, the Confrontation Clause *normally* requires a showing that he is unavailable." (Italics ours.) That this is not an absolute requirement is shown by the Court's decision in *United States v. Inadi,* 475 U.S. 387, 89 L. Ed. 2d 390, 106 S. Ct. 1121 (1986), where the Court held that the confrontation clause does not require a showing of unavailability as a condition to admission of out–of–court statements of a nontestifying coconspirator, when the statements otherwise satisfy Fed. R. Evid. 801(d)(2)(E). The Court emphasized that its decision in *Roberts* applied the nonavailability analysis to prior testimony, and said that *Roberts* "cannot fairly be read to stand for the radical proposition that no out–of–court statement can be introduced by the government without a showing that the declarant is unavailable." *Inadi,* at 394. Thus, defendant is wrong in arguing that a showing of unavailability is always a prerequisite to admission of hearsay.

Following *Inadi,* the Court held that a court is not required by the confrontation clause to inquire into the independent indicia of reliability of a statement admissible under a firmly rooted hearsay exception. *Bourjaily v. United States,* 483 U.S. 171, 97 L. Ed. 2d 144, 107 S. Ct. 2775 (1987). The Court had already recognized that the public records exception is a "firmly rooted hearsay exception": In *Roberts,* the Court said "certain hearsay exceptions rest upon such solid foundations that admission of virtually any evidence within them comports with the 'substance of the constitutional protection.'" (Citation omitted.) *Roberts,* at 66. The Court footnoted this statement with a list of such exceptions, including the public records exception. *Roberts,* at 66 n.8 (citing Comment, *Hearsay, The Confrontation Guarantee and Related Problems,* 30 La. L. Rev. 651, 668 (1970) ("'[p]roperly administered the business and public records exceptions would seem to be among the safest of the hearsay exceptions'")).

As the decisions in *Inadi* and *Bourjaily* make clear, *Roberts* does not require that we abandon our reasoning in *Kreck,* nor does it require that unavailability of the declarant be established in each instance before hearsay is admissible. While *Kreck* involved the business records hearsay exception, our analysis there is relevant here. As was true there, the declarants here would be extremely unlikely to remember the events recorded. For that reason, cross examination would not serve to enhance truth finding. In this regard, the Court's analysis in *Inadi* is instructive. The Court there reasoned that in the context of prior testimony, as in *Roberts,* the out–of–court statement is simply a weaker substitute for live testimony. If the declarant is available and the same information can be presented to the trier of fact as live testimony, with cross examination and the opportunity to observe the demeanor of the witness, there is little justification for relying on the prior testimony. The Court said that long–standing principles of the law of hearsay, as well as the confrontation clause, favor the better evidence. But if the declarant is unavailable, the

former testimony is the better evidence and may be admitted. *Inadi,* at 394–95.

In contrast, the Court explained, the same principles do not apply in the case of out–of–court coconspirator statements. The Court reasoned that such statements often differ significantly from testimony at trial, given the circumstances in which coconspirator statements are made. They are therefore usually irreplaceable as substantive evidence, and admission of the statements "actually furthers the 'Confrontation Clause's very mission' which is to 'advance "the accuracy of the truth–determining process in criminal trials."'" *Inadi,* at 396.

The analysis in *Kreck* is consistent with this reasoning. Rather than providing constitutionally better testimony, the custodian of records, the signer of the letter of revocation, and the person certifying the mailing of that letter could add nothing to the substantive evidence in the certified copy of the driving record. The better evidence is thus not live testimony.

Moreover, RCW 5.44.040 is intended to avoid having such persons called to testify. As explained above, the statute codifies the common law public records exception to the hearsay rule. As a matter of hearsay law, hearsay exceptions are divided into two groups: those where availability or unavailability of the declarant is not a factor, and those where a showing of unavailability is a condition precedent to admission of the hearsay statement. E. Cleary, *McCormick on Evidence* § 253, at 753 (3d ed. 1984). "The theory of the first group is that the out–of–court statement is at least as reliable as would be his testimony in person, so that producing him would involve pointless delay and inconvenience." E. Cleary § 253, at 753.

Washington's evidence rules illustrate this dichotomy. *Compare* ER 803 *with* ER 804. As explained above, while this court did not adopt Fed. R. Evid. 803(8), RCW 5.44-.040 codifies the public records exception to the hearsay rule, and the statute contains no requirement that unavailability of the declarant be shown. This simply reflects the

fact that, as the United States Supreme Court has recognized, the public records exception is among the safest of the hearsay exceptions when properly administered.

The requirements we set forth in *Steel v. Johnson, supra,* when met, and RCW 5.44.040, when satisfied, serve to assure that the Washington public records hearsay exception is properly administered. Similar to the situation in *Kreck,* when these prerequisites to admissibility are satisfied, the circumstances under which the document was prepared demonstrate its trustworthiness.

Further, the nature of public records is such that trustworthiness is found:

> The special trustworthiness of official written statements is found in the declarant's official duty and the high probability that the duty to make an accurate report has been performed.
> . . .
> [Also] . . . given the volume of business in public offices, the official written statement will usually be more reliable than the official's present memory.

E. Cleary, *McCormick on Evidence* § 315, at 889 (3d ed. 1984). *See also* 5 J. Wigmore, *Evidence* § 1632 (1974) (presumption that public officers do their duty). The Director of the Department of Licensing is obliged to prepare case records for all drivers, pursuant to RCW 46.52.120.

The special trustworthiness of official written statements, the fact that the reliability of the written statement is such that it will usually be more reliable than live testimony, and the inconvenience of requiring public officials to appear in court and testify (which "would . . . disrupt the administration of public affairs [and] almost certainly create a class of official witnesses") together are reasons why the public records hearsay exception does not depend upon a showing of unavailability of the declarant. E. Cleary § 315, at 889.

Based upon the reliability of public records properly admitted under RCW 5.44.040, we hold that a showing of unavailability of the declarant is not required.

Other courts have concluded that admission of a defendant's properly authenticated driving record under the public records exception to the hearsay rule does not violate a defendant's right to confrontation. In *State v. Leis,* 134 Wis. 2d 441, 397 N.W.2d 498 (1986), defendant was charged with driving after his operating privilege had been revoked. To prove revocation, the State sought to introduce defendant's driving record, which had been prepared by the Wisconsin Department of Transportation, Division of Motor Vehicles.

The court held the document admissible as a public record, and held that its admission did not violate defendant's right to confrontation. The court concluded that the reliability and the trustworthiness of the record was sufficient to satisfy the confrontation clause. *Leis,* at 448. The court noted that a driving record contains historical facts and contains neither opinions nor conclusions. *Leis,* at 448. The court held that where there is no suggestion that the record is inaccurate, the State need not produce the record's preparer nor show that the preparer is unavailable. *Leis,* at 449.

In *People v. Smith,* 113 Ill. App. 3d 101, 446 N.E.2d 575 (1983), the court held that defendant's right to confrontation was not violated by admission of an abstract containing a copy of an order of the Secretary of State revoking defendant's driver's license. Defendant relied, as does defendant here, upon *Roberts.* The court conceded in *Smith* that *Roberts* contained broad language respecting a showing of unavailability of the declarant, but nonetheless rejected defendant's challenge on the basis that the public records exception was the most logical exception to the *Roberts* rule that unavailability is "normally" required. *Smith,* at 104. The court further said that the Federal Rules of Evidence do not require such a showing and that, in deciding *Roberts,* the Court must have been aware of its own rules.

As discussed above, the decision in *Smith,* rejecting an absolute unavailability rule, is supported on this point by

the later decisions in *Inadi* and *Bourjaily. See also United States v. DeWater,* 846 F.2d 528 (9th Cir. 1988) (under *Roberts* and *Bourjaily* the court need not independently inquire into the reliability of public records and reports; intoxilyzer test results admissible; no violation of right to confrontation); *United States v. Norton,* 867 F.2d 1354 (11th Cir.), *cert. denied,* 109 S. Ct. 3192 (1989) (business records exception firmly rooted in jurisprudence; under *Bourjaily* and *Roberts* no violation of right to confrontation resulted from admission of business records); *see also, cf., State v. Grooms,* 359 N.W.2d 901 (S.D. 1984) (showing of unavailability not required under public records exception to hearsay rule; contents of packet of information about defendant concerning conviction and incarceration in another state properly admitted under exception in habitual offender proceeding; no violation of right to confrontation).

Defendant argues, however, that his driving record is difficult to read. He maintains that a witness from the Department of Licensing is needed to explain the record. Even if true, this does not implicate defendant's right to confrontation. Further, the copy of the letter revoking his privilege to drive and the driving abstract together clearly establish that when he was cited his driving privilege was revoked.

Also of significance, defendant does not challenge the accuracy of the record. As the trial court recognized, Report of Proceedings, at 9, a different question would be presented if defendant claimed the record was faulty.

■ Finally, defendant raised other issues in the Court of Appeals which he does not support by argument or authority in his petition for review. We therefore decline to address one, *see* RAP 10.3(a)(5); *State v. Adams,* 107 Wn.2d 611, 615, 732 P.2d 149 (1987), but address the second solely to affirm the Court of Appeals holding on the issue and resolve confusion over *State v. White,* 72 Wn.2d 524, 433 P.2d 682 (1967).

Unfortunately, entirely innocuous language in *White* has been lifted out of context. That language has been poorly cast in concrete and made to serve as the foundation for a "rule" of law standing as a barrier to admissibility of hearsay key to resolution of issues in question. The barrier is set on an unsound foundation. The Court of Appeals properly razed the whole structure.

In *White,* the trial judge admitted certain hospital and medical records under the Uniform Business Records as Evidence Act (RCW 5.45.020). On one page of the record, a doctor who had examined the 8–year–old victim had recorded the child's narrative account of the alleged rape which resulted in the charge against the defendant. This court held that admission of this part of the hospital record was reversible error. The court reasoned that

> [a]lthough the Uniform Business Records as Evidence Act allows regularly kept business records in evidence when proof that their custody, control and making shows prima facie that they are maintained in the regular course of business, the statute ipso facto does not render admissible such parts of the records as are otherwise excludable under well–established rules of evidence. If regularly maintained under a prearranged and established scheme, business records may be admitted to show the occurrence of events, conditions, conduct and status of things existing or occurring contemporaneously with the making of the records, but they are not admissible as a narrative of occurrences antedating the making of the notations. In short, although the Uniform Business Records as Evidence Act establishes a statutory exception to the common–law rule against hearsay evidence, it does not in all respects render admissible evidence contained in the records which should ordinarily be excluded. The courts, in deciding what parts, if any, of the records offered shall be expunged, must analyze the probable effects of the hearsay. If the proof of the facts in issue is great and the hearsay merely cumulative and so incorporated into and interspersed with the records that its removal will substantially mutilate the records or deprive them of integrity and continuity, the admission may be considered nondamaging and the court may, rather than effectually destroy valuable evidence, receive the records in evidence.
>
> If, however, the hearsay contents goes to the heart of an issue on trial so that when believed by a jury it could logically be regarded as proof of the affirmative or negative of an issue, the hearsay should be rejected or expunged, even if in doing so

the records must necessarily be mutilated or rendered incoherent.

It follows, of course, that not all hearsay evidence contained in records received under the Uniform Business Records as Evidence Act is grounds for reversal, even though admitted in error, for the concept of harmless error remains with the courts.

(Citations omitted.) *White,* at 530–31.

The second paragraph of this extensive quote contains the language lifted out of context. It has been regarded as meaning that if otherwise admissible hearsay evidence goes to the heart of an issue at trial, so that if believed it could be regarded as proof on that issue, it must be excluded.

In its entirety, the court's language in *White* has quite a different meaning. The court recognized that business records admissible under the business records hearsay exception could contain evidence *otherwise* excludable under a recognized rule of evidence. The court explained that if the documents contain hearsay not encompassed within the business records exception (hearsay within hearsay), that hearsay is not admissible under the business records exception. (As the Court of Appeals below said, the reference to "hearsay contents" at the beginning of the second quoted paragraph refers to the child's narrative report contained in the hospital record.) If the inadmissible hearsay is merely cumulative of other evidence, and other proof of facts in issue is great, the hearsay will be allowed as necessary to avoid damaging valuable admissible evidence. On the other hand, if the inadmissible hearsay constitutes *the* "proof" on a matter, so that if believed it would resolve an issue in the case, the inadmissible hearsay must be expunged, even if mutilation of the record results.

The court did not hold that otherwise admissible hearsay must be excluded if it "goes to the heart" of an issue.

■ The cases relied upon by defendant rely upon *White. State v. Tharp,* 26 Wn. App. 184, 612 P.2d 11 (1980); *State v. Barringer,* 32 Wn. App. 882, 650 P.2d 1129 (1982). Because *White* does not in fact support the "rule," to the extent those cases endorse a "rule" that otherwise

admissible hearsay must be excluded if it "goes to the heart of an issue" at trial, they are without legal support. They are also without logical support. If hearsay is admissible, it is admissible because some recognized exception applies, and an exception is recognized because there is a basis for saying that the evidence is reliable. If it is reliable, why should it be excluded simply because it is the principal, or even the only, evidence resolving an issue at trial? To enforce the "heart of the issue rule" would be to say that admissible hearsay is reliable only sometimes. *See State v. Kreck,* 86 Wn.2d 112, 121 n.3, 542 P.2d 782 (1975) (if hearsay evidence is deemed reliable so as to be admissible without violating the confrontation clause, the question of the crucial nature of the evidence should make no difference).

As the Court of Appeals correctly noted in properly rejecting the "rule," defendant cites no treatises or cases from other jurisdictions. He cites no case not ultimately relying on *White.* We expressly reject the rule that otherwise admissible hearsay must be excluded if it "goes to the heart of an issue" at trial. Any case to the contrary is overruled insofar as it is inconsistent with this opinion.

The Court of Appeals is affirmed.

CALLOW, C.J., UTTER, DOLLIVER, DORE, ANDERSEN, DURHAM, and SMITH, JJ., and CONE, J. Pro Tem., concur.