IN RE the MARRIAGE OF: John Lester MATHIAS, Petitioner-Appellant,

v.

Mary Evelyn MATHIAS, Respondent-Respondent.

Court of Appeals

*No. 94–1082. Oral argument July 27, 1994.—Decided October 6, 1994.*

(Also reported in 525 N.W.2d 81.)

For the petitioner-appellant the cause was submitted on the brief of *Linda Roberson* of *Balisle & Roberson, S.C.* of Madison, and orally argued by *Linda Roberson*.

For the respondent-respondent the cause was orally argued by *Mark Bromley* of *Kinney & Urban* of Lancaster.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J. John L. Mathias appeals from an order entered April 20, 1994, denying his motion to disqualify his wife's counsel, Kinney & Urban, from representing her in this divorce action. We granted his petition for leave to appeal from that order, held oral argument, and gave the parties an opportunity to file and simultaneously exchange briefs. John filed a timely brief but his wife, Mary, did not. We therefore decide this appeal on the parties' submissions on John's petition, the oral argument, and John's brief. We conclude that Kinney & Urban's representation of Mary in this divorce action is substantially related to its representation of John in preparing his estate plan and therefore violates SCR 20:1.9(a).[1] We reverse the order and instruct the trial court to grant John's motion.

The trial court held an evidentiary hearing on John's motion. It concluded that this case is controlled by SCR 20:1.9(a). The court further concluded that Mary's counsel did not have a conflict of interest because counsel's previous representation of John did not involve "a substantially related matter in which

---

[1] Supreme Court Rule 20:1.9(a) reads as follows:

A lawyer who has formerly represented a client in a matter shall not:

(a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents in writing after consultation . . . .

that person's [Mary's] interests are materially adverse to the interests of the former client [John] . . . ." *Id.*

At oral argument and in his brief, John claimed for the first time that Mary's counsel still represented him and that SCR 20:1.7 controls. That Rule provides: "A lawyer shall not represent a client if the representation of that client will be directly adverse to another client . . . ."

We will not consider John's belated argument for several reasons. First, we granted his petition for leave to appeal on his representation that Mary's attorneys were his "*former* counsel." (Emphasis added.) Second, John did not present evidence at the hearing to support this claim. The trial court did not, and could not, make findings on this question. We cannot find facts, *Wurtz v. Fleischman*, 97 Wis. 2d 100, 107 n.3, 293 N.W.2d 155, 159 n.3 (1980), and without trial court findings as to this question, we have nothing to review.

We conclude that the trial court incorrectly applied the "substantial relationship" test announced in *Burkes v. Hales*, 165 Wis. 2d 585, 591, 478 N.W.2d 37, 40 (Ct. App. 1991):

> We apply the "substantial relationship" test to determine whether an attorney should be disqualified from representing a client because of "inconsistent or adverse representations." It is a two-part test. In order to prevail on a motion to disqualify an attorney, the moving party must establish: (1) that an attorney-client relationship existed between the attorney and the former client; and (2) that there is a substantial relationship between the two representations.

 The parties agree that Kinney & Urban formerly represented John in estate planning matters. The first

part of the "substantial relationship" test is therefore satisfied. Whether there is a "substantial relationship" between that representation and the representation of Mary in this divorce action is a mixed question of fact and law. We must accept the trial court's findings of fact unless they are clearly erroneous. Section 805.17(2), STATS. However, whether the facts fulfill a legal standard is a question of law. *See Advance Concrete Form, Inc. v. Accuform, Inc.*, 158 Wis. 2d 334, 339-40, 462 N.W.2d 271, 273-74 (Ct. App. 1990). We decide questions of law without deferring to the trial court.

█

If there is a substantial relationship between two representations, it is irrelevant whether the client actually imparted confidential information to the attorney in the former representation. *Tamara L.P. v. County of Dane*, 177 Wis. 2d 770, 782, 503 N.W.2d 333, 337 (Ct. App. 1993); *Burkes*, 165 Wis. 2d at 597, 478 N.W.2d at 42. The court

> will assume that during the course of the former representation confidences were disclosed to the attorney bearing on the subject matter of the representation. It will not inquire into their nature and extent. Only in this manner can the lawyer's duty of absolute fidelity be enforced and the spirit of the rule relating to privileged communications be maintained.

*Hughes v. Paine, Webber, Jackson & Curtis, Inc.*, 565 F. Supp. 663, 668 (N.D. Ill. 1983) (quoting *T. C. Theatre Corp. v. Warner Bros. Pictures*, 113 F. Supp. 265, 268-69 (S.D.N.Y. 1953)).

Therefore, to determine whether there is a substantial relationship between the two representations, we inquire only into the legal services Mary seeks from

Kinney & Urban in this action and the legal services John sought from the firm in its previous representation. It is undisputed that on April 22, 1991, John consulted Stuart Urban of the firm of Kinney & Urban to obtain advice as to planning his estate. The notes Urban made of that consultation show that Urban collected facts he would need to advise John but also show that at that time he did not give John legal advice. The notes further show that John told Urban he wished to create a trust for his minor children, create another trust for three grandchildren, make cash bequests to certain persons, make a cash bequest to Mary, create a trust for her benefit, and give the residue of his estate to his minor children. Unresolved was the disposition of the proceeds of John's life insurance. John informed Urban that he was considering moving to Florida.

On October 8, 1993, John called Urban to make an appointment, which he subsequently cancelled. Urban's notes of that call show that John wished to consult Urban with a view to establishing a trust funded with stock.

This evidence is sufficient to show that John consulted Kinney & Urban for the purpose of preparing his estate plan. Whether John discussed his marital problems with Urban is irrelevant; confidential communication is presumed.

In the fall of 1993, Mary consulted Attorney Jack Kussmaul of the Kinney & Urban firm about estate planning or a living trust "or things like that." John made the appointment for her. At that time, Mary and John were separated. Mary testified that she saw Attorney Kussmaul because she wished to talk to someone other than the attorney John had talked to. She informed Kussmaul of her marital problems but

285

never got beyond generalities in discussing her situation.

The trial court concluded that "[t]he action for divorce and the consultation concerning [John's] estate planning are not, on their face, either adverse [or] related to one another." The trial court believed that the only way the two actions could be "substantially related" would be if John gave information to Urban which could be used against him in this divorce action. The trial court found as facts that John did not give any specific financial information to Urban and did not discuss his marital problems with him. The trial court applied the wrong test. An error of law is an erroneous exercise of the trial court's discretion which requires reversal, unless the error does not affect the party's substantial rights. *State v. Leis*, 134 Wis. 2d 441, 444, 397 N.W.2d 498, 500 (Ct. App. 1986).

We must assume that John imparted to Urban whatever confidences were necessary to permit him to prepare an estate plan tailored to John's circumstances. The trial court's finding that John did not discuss his marital problems with Urban is irrelevant to the question whether estate planning is substantially related to divorce. We conclude as a matter of law that estate planning which is reasonably contemporaneous with initiation of divorce proceedings is substantially related to issues which may arise in those proceedings. Divorce involves division of the marital estate and a possible award of nonmarital property to the spouse who may suffer hardship. Section 767.255, STATS. The division of property in divorce proceedings may be greatly affected by the estate plan of either spouse or the spouses. Also, an estate plan may affect

an award of custody or maintenance. "Lawyers who have assisted the spouses in estate planning, tax matters and the like may be precluded from representing either spouse in a marital dispute." 2 RONALD E. MALLEN & JEFFREY M. SMITH, LEGAL MALPRACTICE § 22.6 (3d ed. 1989).

We do not hold that there may not be a case where the client's contacts with an attorney are so casual or ill-formed that a conflict under SCR 20:1.9 does not arise. In such a case, the motion to disqualify an attorney will founder at the first step—existence of a client-lawyer relationship—of the "substantial relationship" test. Once an attorney-client relationship is established, the focus shifts to the nature of the representations; if there is a substantial relationship between the subject matter of the representations, the attorney may not undertake the conflicting representation.

We hold that there is in this case a substantial relationship between Kinney & Urban's representation of John for estate planning and representation of John's wife in a divorce proceeding. Mary's interests in this divorce action are materially adverse to John's interests. Supreme Court Rule 20:1.9(a) does not permit Kinney & Urban to represent Mary in this action; John's interests may be substantially and adversely affected if the firm continues to represent Mary.

*By the Court.*—Order reversed and cause remanded with directions.