94 P.3d 1014 (2004)
STATE of Washington, Respondent,
v.
Calvin Manley SMITH, Appellant.
Nos. 51816-0-I, 51817-8-I.
Court of Appeals of Washington, Division 1.
July 26, 2004.
*1015 Eric Broman, Nielsen Broman & Koch PLLC, Seattle, WA, for Appellant.
Carla B. Carlstrom, King County Pros. Office, Seattle, WA, for Respondent.
PER CURIAM.
Calvin Smith challenges his conviction for driving while his license was suspended or revoked in the first degree. He argues that (1) the jury instructions omitted an element of the crime, (2) the trial court erred by admitting a certified statement from the Department of Licensing that impermissibly commented on Smith's guilt, and (3) without that evidence, there was insufficient evidence to convict him. Because the jury instructions were complete and the evidence was properly admitted, we affirm the trial court.

FACTS
On October 10, 2001, after discovering that he was the targeted suspect in an undercover buy-bust operation, Calvin Smith attempted to elude pursuing police vehicles, stopping only after police officers physically blocked his vehicle with their car. Smith abandoned the vehicle and fled on foot but was tracked by a K-9 unit and arrested. On May 7, 2002, Smith again attempted to elude officers, stopping his car only after puncturing three of his tires. He fled on foot but was captured and again taken into custody. The State charged Smith with one count of delivery of cocaine, two counts of attempting to elude a pursuing police vehicle, one count of assault in the third degree, and one count of driving while his license was suspended or revoked (DWLS) in the first degree. A jury found Smith guilty on all counts except the assault charge. Smith received standard range sentences of 120 months for the delivery of cocaine, 29 months for each count of attempting to elude, and 12 months for the license suspension, all to run concurrently. He appeals the DWLS conviction.

ANALYSIS

I. Jury Instruction
"Due process requires the State to bear the `burden of persuasion beyond a reasonable doubt of every essential element of a crime.'"[1] Smith argues that the jury instructions omitted an essential element of first degree DWLS and, thus, the State did not meet its burden of proving all elements of the crime charged. A due process challenge to the propriety of a jury instruction is an issue of constitutional magnitude that can be raised for the first time on appeal[2] and that we review de novo.[3] Because the jury instructions were complete, we reject Smith's argument.
Smith contends that the jury instructions failed to tell the jury that it must find Smith to be a habitual traffic offender. But contrary to Smith's assertion, the jury instructions included all of the essential elements of first degree DWLS. RCW 46.20.342(1)(a) defines first degree DWLS, providing that:
A person found to be an habitual offender under chapter 46.65 RCW, who violates this section while an order of revocation issued under chapter 46.65 RCW prohibiting such operation is in effect, is guilty of driving while license suspended or revoked in the first degree, a gross misdemeanor....
Upward v. Department of Licensing[4] further clarifies the elements of first degree DWLS and is instructive here. In that case, the Department of Licensing (DOL) declared Randy Upward a habitual offender  he had *1016 been convicted of eight serious traffic infractions in just under three years  and revoked his license for five years.[5] One year later, Upward was charged with violating Washington's Habitual Traffic Offender Act.[6] The trial court denied Upward's motion to dismiss the charge.[7] On appeal, he claimed that permitting the State to rely on his predetermined status as a habitual offender inappropriately relieved the State of its burden of proving every element of the crime.[8] We disagreed, holding that Upward could not now contest his status because he had lost the opportunity to challenge his traffic convictions when he did not avail himself of the hearing offered by DOL.[9] The State proved Upward's crime, we explained, by establishing "the defendant's operation of a motor vehicle during the continued efficacy of the habitual offender determination and the ensuing license revocation."[10]
In this case, the jury was asked to find that at the time Smith drove the car, his "privilege to drive was suspended or revoked in the first degree in this or any other state...." This instruction is sufficient because, under Upward, a person who has his license revoked in the first degree is a habitual traffic offender as a matter of law.[11] Accordingly, as we noted in Upward,[12] the State did not need to re-litigate Smith's underlying traffic offenses. Rather, it needed only to prove that at the time of the incident, Smith's license was revoked in the first degree. The jury instructions were proper.

II. Certified Statement from DOL
Certified copies of public records may be admitted into evidence if they
(1) contain facts, rather than conclusions that involve the exercise of judgment or discretion or express an opinion, (2) relate to facts that are of a public nature, (3)[are] retained for the benefit of the public, and (4) there [is] express statutory authority to compile the report.[[13]]
Smith contends that the public record submitted by the State  a certified statement from the custodian of records at DOL  inappropriately commented on his guilt and, therefore, should not have been admitted into evidence. Because the certified statement contained only neutral facts, Smith's argument fails.
"A certified copy of a driving record is hearsay; it is a written out-of-court assertion offered at trial to prove the truth of the matter asserted."[14] However, official written statements possess a special trustworthiness,[15] and a driving record has been held admissible under RCW 5.44.040 as "a classic example of a public record kept pursuant to statute, for the benefit of the public and available for public inspection."[16] Here, the certified statement the State offered, although not a driving record, possesses the same qualities as other public documents, like driving records, which we admit into evidence.[17] The certified statement bore the official seal of the State of Washington's Department *1017-1021 of Licensing. The custodian of records, the public official vested with custody of all records at DOL, "duly certified" the statement submitted into evidence as required by statute. Under penalty of perjury, the custodian of records certified that "the attached document(s) ... [were] a true and accurate copy of the document(s) in the official record of [Calvin Manley Smith]."[18] Smith nonetheless maintains that the certified statement, rather than containing neutral facts, expressed an impermissible opinion on his guilt. We disagree. The certified statement declared that Smith's driving privilege "[w]as suspended/revoked in the first degree." Contrary to Smith's assertion, the custodian of records did not express her opinion about Smith's guilt. Rather, she simply communicated his driving status as reflected in DOL's computer records. Accordingly, we conclude the certified statement from DOL was a self-authenticating public record properly admitted into evidence. Because we conclude the certified statement from DOL was neutral and admissible, we do not reach the remaining issues.
We affirm.
NOTES
[1] State v. Deal, 128 Wash.2d 693, 698, 911 P.2d 996 (1996) (quoting State v. Hanna, 123 Wash.2d 704, 710, 871 P.2d 135, cert. denied, 513 U.S. 919, 115 S.Ct. 299, 130 L.Ed.2d 212 (1994)).
[2] Id.; see also RAP 2.5(a)(3).
[3] State v. DeRyke, 149 Wash.2d 906, 910, 73 P.3d 1000 (2003).
[4] 38 Wash.App. 747, 752, 689 P.2d 415 (1984).
[5] Id. at 748, 689 P.2d 415.
[6] Upward was charged under former RCW 46.65.090. This crime is now codified at RCW 46.20.342(1)(a).
[7] Upward, 38 Wash.App. at 749, 689 P.2d 415.
[8] Id. at 752, 689 P.2d 415.
[9] Id. at 751, 689 P.2d 415.
[10] Id. at 752, 689 P.2d 415 (citing State v. Graham, 14 Wash.App. 1, 538 P.2d 821 (1975)).
[11] RCW 46.20.342.
[12] 38 Wash.App. at 752, 689 P.2d 415.
[13] State v. C.N.H., 90 Wash.App. 947, 949-50, 954 P.2d 1345 (1998).
[14] State v. Chapman, 98 Wash.App. 888, 890, 991 P.2d 126 (2000) (citing State v. Monson, 113 Wash.2d 833, 836, 784 P.2d 485 (1989)).
[15] Monson, 113 Wash.2d at 845, 784 P.2d 485.
[16] State v. Monson, 53 Wash.App. 854, 858, 771 P.2d 359, aff'd, 113 Wash.2d 833, 784 P.2d 485 (1989).
[17] RCW 5.44.040 ("Copies of all records and documents on record or on file in the offices of the various department of the United States and of this state or any other state or territory of the United States, when duly certified by the respective officers having by law the custody thereof, under their respective seals where such officers have official seals, shall be admitted in evidence in the courts of this state.").
[18] See RCW 9A.72.085; but see Monson, 53 Wash.App. at 858, 771 P.2d 359 (explaining that neither RCW 9A.72.085 nor RCW 5.44.040 reference each other. Hence, proper certification of a public document through other reliable means is not precluded).