161 P.3d 982 (2007)
STATE of Washington, Respondent,
v.
Kyle Keith KRONICH, Petitioner.
No. 78428-1.
Supreme Court of Washington, En Banc.
Argued October 17, 2006.
Decided July 12, 2007.
*983 Tracy Arlene Staab, Federal Public Defenders, Spokane, for Petitioner.
Brian Clayton O'Brien, Kevin Michael Korsmo, Spokane County Prosecuting Attorney, for Respondent.
Sheryl Gordon McCloud, Law Offices of Sheryl Gordon McCloud, Seattle, for Amicus Curiae-Washington Association of Criminal Defense Lawyers.
Magda Rona Baker, Washington Defender Association, Seattle, for Amicus Curiae-Washington Defender Association.
Jerald R. Anderson, Attorney General's Office, Olympia, for Amicus Curiae-Washington State.
J.M. JOHNSON, J.
¶ 1 The Sixth Amendment to the United States Constitution provides every criminal defendant the right "to be confronted with the witnesses against him. . . ."[1] Under this clause, "testimonial evidence may not be admitted at trial absent proof of the declarant's unavailability and prior opportunity for cross-examination of the declarant by the accused."[2] The United States Supreme Court has yet to provide a comprehensive definition for "testimonial" evidence.[3] However, the Court's explicit acknowledgment that business records are not "testimonial" evidence provides a basis for concluding that public records are also not "testimonial."[4] Thus, we agree with Division One of the Court of Appeals that Mr. Kronich's rights under the Confrontation Clause were not violated when the trial court admitted a Department of Licensing (DOL) certification of his driving record describing the status as "suspended/revoked."[5] Accordingly, we affirm the Court of Appeals decision.

FACTS
¶ 2 Spokane County sheriff's deputies Jenkins and Mitchell encountered Mr. Kronich on November 15, 2000, at approximately 10:30 p.m. Specifically, while the deputies' vehicle was stopped at a railroad crossing behind a gray van, Deputy Jenkins ran a radio check on the van license. The check established that the driving privilege of the registered owner, Kronich, was currently suspended. Deputy Jenkins then pulled the van over and contacted the driver, who was subsequently identified as Kronich. Kronich was placed under arrest for third degree driving while license suspended (DWLS).
¶ 3 Deputy Jenkins noted an odor of alcohol and that Kronich appeared "lethargic." Clerk's Papers at 47. Kronich also declined to perform any field sobriety tests. A search of Kronich's vehicle, subsequent to his arrest, revealed several open containers of beer. Kronich was then placed under arrest for driving under the influence (DUI). After being transported to the Public Safety Building in Spokane, Kronich was asked to submit to a BAC breath test; he refused.
¶ 4 Kronich was charged with one count DUI and one count DWLS in the third degree. He was tried before a jury in the District Court for Spokane County. At trial, Kronich's counsel sought to exclude any evidence regarding Kronich's refusal to submit to a BAC breath test, claiming that Kronich *984 requested and was denied counsel. The motion to suppress was denied.
¶ 5 Additionally, the State sought to admit as evidence two records from DOL: (1) an order of revocation of his driver's license and (2) a certified statement regarding the status of Kronich's driving privilege as of November 15, 2000. Kronich's counsel objected to the admission of the latter document on grounds of lack of foundation. Once the presence of a seal on the certified statement was established,[6] both the order of revocation and the certified statement were admitted without further objection.
¶ 6 Following convictions on both counts, Kronich appealed to Spokane County Superior Court. On appeal, Kronich again argued that his refusal to take a BAC breath test should have been suppressed. However, the superior court determined that the ultimate decision of the trial court not to suppress was correct. Additionally, Kronich raised, for the first time, the issue of a Confrontation Clause violation as a result of the admission of the certified statement from DOL regarding his suspended license. The superior court found no Confrontation Clause violation.
¶ 7 Kronich sought discretionary review before Division Three of the Court of Appeals, where he again raised the issue of suppression of his refusal to take a BAC breath test, as well as the violation of his rights under the Confrontation Clause. State v. Kronich, 131 Wash.App. 537, 541-42, 128 P.3d 119 (2006). The Court of Appeals determined that the lower court did not err in denying Kronich's motion to suppress. Kronich, 131 Wash.App. at 542-44, 128 P.3d 119. The Court of Appeals also concluded that the DOL documents were properly admitted under the Confrontation Clause. Id. at 545-47, 128 P.3d 119.
¶ 8 Next, Kronich filed a petition for review with this court in which he raised both the BAC breath test refusal and Confrontation Clause issues decided below. This court granted review on the Confrontation Clause issue only. State v. Kronich, 157 Wash.2d 1008, 139 P.3d 349 (2006).

ANALYSIS
I. Constitutional Issues Raised for the First Time on Appeal
¶ 9 A party may not raise a claim of error on appeal that was not raised at trial unless the claim involves (1) trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, or (3) manifest error affecting a constitutional right. RAP 2.5(a). Regarding the latter type of claims, this court has noted that "`[c]onstitutional errors are treated specially because they often result in serious injustice to the accused.'" Kirkpatrick, ___ Wash. ___, ___, 161 P.3d at 993, 2007 WL 2003401 (quoting State v. Scott, 110 Wash.2d 682, 686, 757 P.2d 492 (1988)). However, "`the constitutional error exception is not intended to afford criminal defendants a means for obtaining new trials whenever they can identify a constitutional issue not litigated below.'" Id. (internal quotation marks omitted) (quoting Scott, 110 Wash.2d at 687, 757 P.2d 492).
¶ 10 The applicability of RAP 2.5(a)(3) is determined according to a two-part test. Id. (citing State v. Lynn, 67 Wash.App. 339, 345, 835 P.2d 251 (1992)):
First, the court determines whether the alleged error is truly constitutional. Lynn, 67 Wash.App. at 345, 835 P.2d 251. Second, the court determines whether the alleged error is "manifest," i.e., whether the error had "practical and identifiable consequences in the trial of the case." State v. Stein, 144 Wash.2d 236, 240, 27 P.3d 184 (2001); Lynn, 67 Wash.App. at 345, 835 P.2d 251.
A purely formalistic error will not be deemed manifest. Id., ___ Wash. at ___, 161 P.3d at 993, 2007 WL 2003401 (citing Lynn, 67 Wash.App. at 345, 835 P.2d 251).
Kronich's Confrontation Clause claim was not properly preserved at trial; however, his claim involves a manifest error affecting a constitutional right
¶ 11 As noted by the Court of Appeals, "Mr. Kronich did not object to the *985 DOL document at trial based on Crawford, even though Crawford was decided before his trial. Rather, he objected based on `foundation.'" Kronich, 131 Wash.App. at 545, 128 P.3d 119. Even so, the Court of Appeals decided to reach the merits of Kronich's Confrontation Clause claim because "this issue is likely to arise again." Id. at 546, 128 P.3d 119. This is not the correct standard for analyzing whether an appellate court will exercise its discretion under RAP 2.5(a). Rather, the Court of Appeals should have addressed whether Kronich's claim involves a manifest error affecting a constitutional right.
¶ 12 This court recently declined to reach the merits of a similar claim regarding DOL records because the defendant failed to properly preserve the issue. See State v. Smith, 155 Wash.2d 496, 501, 120 P.3d 559 (2005) (declining to reach Smith's hearsay challenge to admission of DOL records because trial counsel objected on grounds of foundation, not hearsay). However, Smith's claim appears to have been limited to a rules-based, as opposed to a constitutional, challenge to the admission of the evidence. Id. Accordingly, in declining to reach the merits of Smith's claim, this court did not decide whether his claim fit within the RAP 2.5(a)(3) exception. In contrast, Kronich's Confrontation Clause claim squarely presents the issue of the applicability of RAP 2.5(a)(3).
¶ 13 Kronich's claim regarding the admission of the DOL certification at his trial is unquestionably constitutional in nature, as it is grounded in his rights under the Confrontation Clause. His claim of error may also be deemed manifest in that, had he successfully raised his Confrontation Clause challenge at trial, the DOL certification would have been excluded. Consequently, the State's case against Kronich for DWLS would have been fatally undermined. Kronich, 131 Wash.App. at 548, 128 P.3d 119 (Baker, J. Pro Tem., concurring in part and dissenting in part). In other words, assuming there was an error, it clearly had "practical and identifiable consequences in the trial of the case." State v. Stein, 144 Wash.2d 236, 240, 27 P.3d 184 (2001). In accordance with the above analysis, we hold that Kronich's Confrontation Clause claim involves a manifest error affecting a constitutional right and is, thus, subject to review despite his failure to properly preserve the issue at trial. RAP 2.5(a)(3).
II. Confrontation Clause Violation
¶ 14 The Sixth Amendment Confrontation Clause provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him. . . ." U.S. Const. amend. VI. This right is made binding on the states through the Fourteenth Amendment. Pointer v. Texas, 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). An alleged violation of the Confrontation Clause is subject to de novo review. Lilly v. Virginia, 527 U.S. 116, 137, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999).
¶ 15 The admission of hearsay frequently raises concerns under the Confrontation Clause. State v. Monson, 113 Wash.2d 833, 840, 784 P.2d 485 (1989) (citing State v. Parris, 98 Wash.2d 140, 144, 654 P.2d 77 (1982)). The relevant rules of law in this area were summarized by this court in its recent decision of an analogous case, Kirkpatrick, ___ Wash. at ___-___, 161 P.3d at 994, 2007 WL 2003401:
As an initial matter, hearsay is inadmissible unless it comes within an exemption or exception established by statute or common law However, the existence of an applicable hearsay exception is not dispositive as to the issue of admissibility at trial. Rather, the Confrontation Clause requires another layer of analysis. Crawford v. Washington, 541 U.S. at 36, 51, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); see also Davis v. Washington, ___ U.S. ___, 126 S.Ct. 2266, 2273, 165 L.Ed.2d 224 (2006).
This second layer of analysis, articulated by the United States Supreme Court in Crawford, 541 U.S. at 68, 124 S.Ct. 1354, may be summarized as follows: If the hearsay evidence is "testimonial," the proponent must show that the declarant is unavailable and that the accused had a prior opportunity to cross-examine the declarant. If the hearsay evidence is not "testimonial," then such a showing is not *986 required. Crawford, 541 U.S. at 53-54, 68, 124 S.Ct. 1354; Davis, 126 S.Ct. at 2273.
Also as noted in Kirkpatrick, ___ Wash. at ___-___, 161 P.3d at 994, 2007 WL 2003401 "[t]he Supreme Court has not provided a comprehensive definition of `testimonial.'" (citing Crawford, 541 U.S. at 53-54, 68, 124 S.Ct. 1354; Davis, 126 S.Ct. at 2273). However, the Court has indicated that business records are not "testimonial." Id., ___ Wash. at ___, 161 P.3d at 994, 2007 WL 2003401 (citing Crawford, 541 U.S. at 56, 76, 124 S.Ct. 1354 (Rehnquist, C.J., concurring)).
¶ 16 As to public records, the Supreme Court has yet to directly address whether they are generally testimonial or nontestimonial. However, several of the circuit courts of appeals, as well as other state courts, have reached this issue and concluded that such records are also not testimonial. See Kirkpatrick, ___ Wash. at ___, n. 12, 13, 161 P.3d at 995, 2007 WL 2003401(listing circuit courts of appeals and state court decisions on this issue). The present case requires this court to resolve the question of the testimonial nature of a particular type of extant public record, namely, a DOL certification describing the status of a person's driving privilege. We hold that such a record is not testimonial for purposes of the Crawford analysis.
A DOL certification describing the status of a person's driving privilege is not testimonial evidence for purposes of the Crawford analysis
¶ 17 Adopting the approach of Division One of the Court of Appeals in State v. N.M.K., 129 Wash.App. 155, 118 P.3d 368 (2005), the Court of Appeals below analogized the public record at issue to a nontestimonial business record. Kronich, 131 Wash. App. at 546-47, 128 P.3d 119. Accordingly, the Court of Appeals determined that there was no Confrontation Clause violation. Id. However, the dissent below argued that N.M.K. and similar cases are distinguishable due to the particular language in Kronich's record describing the status of his license as "not reinstated . . . suspended/revoked." Kronich, 131 Wash.App. at 550, 128 P.3d 119 (Baker, J. Pro Tem., concurring in part and dissenting in part) (emphasis omitted).
¶ 18 We conclude that there is no legal or logical reason to treat a certification indicating that a person's driving privilege is suspended differently from a record indicating such privilege is not suspended. Cf. Kirkpatrick, ___ Wash. at ___-___, 161 P.3d at 996-97, 2007 WL 2003401 (finding no reason to treat certification of the absence of a driver's license differently from certification of the existence of a license). The admissibility of such documents under the Confrontation Clause should not "turn on the content thereof when that content includes only verifiable facts, adduced by a government official in the regular course of his or her duties according to a standardized procedure." Kirkpatrick, ___ Wash. at ___, 161 P.3d at 997, 2007 WL 2003401; see also United States v. Bahena-Cardenas, 411 F.3d 1067, 1075 (9th Cir.2005) (concluding that a "warrant of deportation is nontestimonial . . . because it is simply a routine, objective, cataloging of an unambiguous factual matter"), cert. denied, 547 U.S. 1056, 126 S.Ct. 1652, 164 L.Ed.2d 398 (2006).
¶ 19 As noted in Kirkpatrick, ___ Wash. at ___, 161 P.3d at 996, 2007 WL 2003401 "Washington courts have long recognized the inherent reliability and admissibility of driving records from DOL." See Monson, 113 Wash.2d 833, 784 P.2d 485 (upholding admission of a certified copy of a driver's record (CCDR) as a public record); State v. Chapman, 98 Wash.App. 888, 892, 991 P.2d 126 (2000) (same); see also State v. Gaddy, 152 Wash.2d 64, 93 P.3d 872 (2004) (impliedly reaffirming admissibility of DOL records post-Crawford). Particularly relevant here is State v. Smith, 122 Wash.App. 699, 94 P.3d 1014 (2004), rev'd on other grounds, 155 Wash.2d 496, 120 P.3d 559 (2005), wherein the defendant challenged the admissibility of a DOL record virtually identical to the one at issue in the present case, i.e., a document certifying that after diligent search Smith's driving privileged appeared to be revoked/suspended.
¶ 20 In Smith, Division One determined that although not the same as a regular CCDR, the certification was properly admitted *987 by the trial court. Smith, 122 Wash.App. at 704-05, 94 P.3d 1014. Division One rejected Smith's argument that the certification contained an impermissible opinion on his guilt. Id. The Court of Appeals found that the declaration that Smith's driving privilege "[w]as suspended/revoked in the first degree" was not an expression of opinion. Id. at 705, 94 P.3d 1014. Rather, the records custodian "simply communicated [Smith's] driving status as reflected in DOL's computer records." Id.[7] Similarly, in Chapman, Division Three concluded that a DOL certification indicating the defendant's driving privilege had been revoked "`contain[ed] neither expressions of opinion nor conclusions requiring the exercise of discretion.'" 98 Wash. App. at 891, 991 P.2d 126 (quoting State v. Monson, 53 Wash.App. 854, 858, 771 P.2d 359, aff'd, 113 Wash.2d 833, 784 P.2d 485 (1989)).
¶ 21 In sum, the jurisprudence of Washington's appellate courts makes clear that a certified statement as to the status of a defendant's driving privilege is not an accusatory statement or testimony; it is not testimonial evidence. See Crawford, 541 U.S. at 51, 124 S.Ct. 1354 (explaining that the proper focus of Confrontation Clause is on "witnesses against the accused . . . those who bear testimony . . . [a]n accuser"). Furthermore, as noted by this court in Kirkpatrick, ___ Wash. at ___-___, 161 P.3d at 997, 2007 WL 2003401 to require records custodians to appear at trial whenever the State seeks to admit such documents would not further the underlying purpose of the Confrontation Clause. Thus, the trial court did not err in admitting the DOL certification at Kronich's trial. Accordingly, we affirm the decision of the Court of Appeals upholding Kronich's conviction for third degree DWLS.

CONCLUSION
¶ 22 Kronich's claim that the trial court violated his rights under the Confrontation Clause by admitting a DOL certification qualifies as a claim of manifest error affecting a constitutional right. Therefore, we reach the merits of his claim, despite his failure to properly preserve the issue below. As to the merits, we hold that the trial court did not error in admitting the DOL certification describing the status of Kronich's driving privilege because it is not testimonial evidence for purposes of the Crawford analysis. Accordingly, we affirm the decision of the Court of Appeals upholding Kronich's conviction for third degree DWLS.
WE CONCUR: GERRY L. ALEXANDER, Chief Justice, TOM CHAMBERS, CHARLES W. JOHNSON, SUSAN OWENS, BARBARA A. MADSEN, MARY E. FAIRHURST, BOBBE J. BRIDGE, Justices.
ALEXANDER, C.J. (concurring).
¶ 23 Unlike the majority, I believe that some certifications by the Department of Licensing (DOL) that describe the status of a person's driving privilege are testimonial: namely, those certifying the absence of a driver's license. As I said in State v. Kirkpatrick, No. 77719-5, ___ Wash. at ___, 161 P.3d at 998 (Wash. Supreme Ct. July 12, 2007) (Alexander, C.J., concurring), "There is a critical difference between certifying the existence of a public record and certifying the nonexistence of a public record" because "[t]he latter certification is prepared for trial, and . . . serves as a vehicle to introduce facts not contained within the public records themselves." Significantly, no public record existed prior to trial that stated that Kirkpatrick had never obtained a license. Id., ___ Wash. at ___, 161 P.3d at 999, 2007 WL 2003401. However, I agree with the majority that the certification at issue in Kyle Kronich's case was not testimonial because it merely related that Kronich had a suspended driver's license, information which was contained in a public record on file in the DOL. Accordingly, I concur in the majority opinion.
*988 SANDERS, J. (dissenting).
¶ 24 The majority holds a Department of Licensing (DOL) record certifying Kyle Kronich's driver's license was suspended is not testimonial evidence and, therefore, admitting the record did not violate Kronich's right to confrontation. I disagree. This record was prepared solely for use at Kronich's criminal trial and falls squarely within the United States Supreme Court's definition of testimonial evidence. Admitting this record violated Kronich's Sixth Amendment rights.
¶ 25 The Sixth Amendment prohibits the State from admitting testimonial evidence unless the defendant has a chance to confront the witness. U.S. Const. amend VI; Crawford v. Washington, 541 U.S. 36, 68-69, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). While the United States Supreme Court has not given a comprehensive definition of testimonial evidence, it has said, "`statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial'" are testimonial. Id. at 52, 124 S.Ct. 1354 (quoting Amicus Curiae Br. of Nat'l Ass'n of Crim. Def. Lawyers at 3). That is precisely what is before us: DOL prepared a statement saying Kronich's driver's license was suspended as of November 15, 2000. Any objective person would reasonably conclude this record would be used at Kronich's trial. Indeed, it was created solely for use at his criminal trial. As Chief Justice Alexander says in his concurrence in State v. Kirkpatrick, "formal statements that are intended to be used to establish a fact at trial are testimonial. They are essentially `a weaker substitute for live testimony' at trial." State v. Kirkpatrick, No. 77719-5, ___ Wash. at ___, 161 P.3d at 999, 2007 WL 2003401 (Wash. Supreme Ct. July 12, 2007) (Alexander, C.J., concurring) (citations omitted) (quoting Davis v. Washington, ___ U.S. ___, 126 S.Ct. 2266, 2277, 165 L.Ed.2d 224 (2006)).[1] Here DOL generated this record specifically to prove an element of the State's case against Kronich. Nothing could be more testimonial.
¶ 26 The majority points to a number of federal circuits that have held public records are not testimonial evidence. Majority at 986 (citing Kirkpatrick, ___ Wash. at ___, nn. 12, 13, 161 P.3d at 995, 2007 WL 2003401). But those cases dealt with public records that were similar to routine business records. See, e.g., United States v. Feliz, 467 F.3d 227, 234 (2d Cir.2006) ("`[t]he essence of the business record exception contemplated in Crawford is that such records or statements are not testimonial in nature because they are prepared in the ordinary course of regularly conducted business and are "by their nature" not prepared for litigation'") (quoting People v. Durio, 7 Misc.3d 729, 794 N.Y.S.2d 863, 867 (2005)) (quoting Crawford, 541 U.S. at 56, 124 S.Ct. 1354); United States v. Lopez-Moreno, 420 F.3d 420, 437 (5th Cir.2005).
¶ 27 Business records are routinely kept and generally used only by the business or organization itself, with no suggestion they could someday be useful to a criminal trial. Courts must differentiate between a record that is kept in the ordinary course of business as opposed to a statement that is prepared for trial, which is testimonial. See United States v. Mills, 446 F.Supp.2d 1115, 1136 (C.D.Cal.2006) (holding a statement within a presentence report is testimonial if it "was made by a person who would reasonably believe his statement would be available for use at a later trial . . ., notwithstanding the fact that the report itself was not prepared in anticipation for trial"); People v. Hernandez, 7 Misc.3d 568, 794 N.Y.S.2d 788, 789 (2005) (holding a police fingerprint report is inadmissible testimonial hearsay because testimonial evidence "include[s] the `[i]nvolvement of government officers in the production *989 of testimony with an eye toward trial'") (quoting Crawford, 541 U.S. at 56 n. 7, 124 S.Ct. 1354). Rather, the certificate in question here was more akin to an affidavit, where someone from DOL certified a specific fact. See Crawford, 541 U.S. at 51, 52, 124 S.Ct. 1354 (defining testimonial evidence as including "`extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions'") (quoting White v. Illinois, 502 U.S. 346, 365, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992) (Thomas, J., concurring in part)).
¶ 28 The majority recognizes in Kirkpatrick these records are prepared for trial but relies on the truthfulness of the underlying statements. Kirkpatrick, ___ Wash. at ___, 161 P.3d at 996, 2007 WL 2003401 ("In contrast, the public record here, at least the certification, was literally prepared for purposes of litigation and was intended to be relied upon by the State."). Specifically, the majority says courts have "`long recognized the inherent reliability and admissibility of driving records from DOL.'" Majority at 986 (quoting Kirkpatrick, ___ Wash. at ___, 161 P.3d at 996, 2007 WL 2003401).[2] But reliability is irrelevant to a confrontation clause analysis; this harkens back to the former Roberts[3] standard, overruled by the Supreme Court:
The legacy of Roberts in other courts vindicates the Framers' wisdom in rejecting a general reliability exception. The framework is so unpredictable that it fails to provide meaningful protection from even core confrontation violations.
Reliability is an amorphous, if not entirely subjective, concept. There are countless factors bearing on whether a statement is reliable. . . . Whether a statement is deemed reliable depends heavily on which factors the judge considers and how much weight he accords each of them.
The unpardonable vice of the Roberts test, however, is not its unpredictability, but its demonstrated capacity to admit core testimonial statements that the Confrontation Clause plainly meant to exclude.
Crawford, 541 U.S. at 62-63, 124 S.Ct. 1354. In part, the Court discounted reliability because of an inherent suspicion of government officials:
We have no doubt that the courts below were acting in utmost good faith when they found reliability. The Framers, however, would not have been content to indulge this assumption. They knew that judges, like other government officers, could not always be trusted to safeguard the rights of the people; the likes of the dread Lord Jeffreys were not yet too distant a memory. They were loath to leave too much discretion in judicial hands. By replacing categorical constitutional guarantees with open-ended balancing tests, we do violence to their design. Vague standards are manipulable, and, while that might be a small concern in run-of-the-mill assault prosecutions like this one, the Framers had an eye toward politically charged cases like Raleigh'sgreat state trials where the impartiality of even those at the highest levels of the judiciary might not be so clear. It is difficult to imagine Roberts' providing any meaningful protection in those circumstances.
Id. at 67-68, 124 S.Ct. 1354 (citations omitted). While such ignominious motives are unlikely to corrupt the average DOL representative, it is nonetheless possible. And the only way to ferret out those rare instances is to protect a defendant's constitutional right to confront anyone providing testimonial evidence against him.
*990 ¶ 29 Mischievousness aside, few are as assured of DOL's infallibility as the majority claims. Majority at 986. Mistakes happen often. Government agencies are not immune from human error, and DOL is certainly no exception. Requiring the DOL representative to testify similarly advances the truth-seeking process here as it does in Kirkpatrick. See Kirkpatrick, ___ Wash. at ___, 161 P.3d at 999, 2007 WL 2003401 (Alexander, C.J., concurring). Only by cross-examining the DOL representative can Kronich inquire as to the extensiveness of the search and the possibility of error.
¶ 30 Admission of the record violates the confrontation clause.
¶ 31 I dissent.
NOTES
[1] U.S. Const. amend. VI.
[2] State v, Kirkpatrick, No. 77719-6, ___ Wash. at ___, 161 P.3d at 991, 2007 WL 2003401 (Wash. Supreme Ct. July 12, 2007) (citing Crawford v. Washington, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)).
[3] Id., ___ Wash. at ___-___, 161 P.3d at 991-92, 2007 WL 2003401 (citing Crawford, 541 U.S. at 68, 124 S.Ct. 1354; Davis v. Washington, ___ U.S. ___, 126 S.Ct. 2266, 2273, 165 L.Ed.2d 224 (2006)).
[4] Id., ___ Wash. at ___, 161 P.3d at 991, 2007 WL 2003401.
[5] See State v. Kronich, 131 Wash.App. 537, 545-47, 128 P.3d 119 (2006).
[6] See ER 902(d).
[7] While Smith was subsequently overruled by this court on other grounds, 155 Wash.2d 496, 120 P.3d 559, nothing in this court's opinion suggests that the Court of Appeals decision on this particular point was erroneous.
[1] State v. Kirkpatrick, No. 77719-5, ___ Wash. ___, 161 P.3d at 999, 2007 WL 2003401 and State v. Kronich, No. 78428-1, 157 Wash.2d 1008, 139 P.3d 349 were heard as companion cases. In his concurrence to Kirkpatrick, Chief Justice Alexander distinguishes Kronich's case from Kirkpatrick's based upon the fact that in Kirkpatrick, DOL certified the nonexistence of a public record. Id., ___ Wash. at ___, 161 P.3d at 999, 2007 WL 2003401 (Alexander, C.J., concurring). But a court's only inquiry is whether the records were prepared with an eye toward trial. It is immaterial whether the statement certifies the existence or nonexistence of a public record.
[2] In Kirkpatrick, the majority conducts a more "in-depth analysis" to say the record addresses "`a class of documents that were not prepared for litigation.'" Kirkpatrick, ___ Wash. at ___, 161 P.3d at 996, 2007 WL 2003401 (quoting United States v. Cervantes-Flores, 421 F.3d 825, 833 (9th Cir.2005), cert. denied, 547 U.S. 1114, 126 S.Ct. 1911, 164 L.Ed.2d 668 (2006)). Looking at the nature of the underlying analysis is improper as we are concerned only with the statement DOL prepared specifically for trial.
[3] In Ohio v. Roberts, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), overruled by Crawford, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177, the Court held a defendant's right to confront a witness against him was not violated if the hearsay testimony bore "adequate indicia of reliability."