# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

STATE OF WASHINGTON,    )    No. 75236-7-I
    )
    Respondent,    )
    )
    v.    )
    )
CHARLES BUDDY SATIACUM III,    )    UNPUBLISHED OPINION
    )
    Appellant.    )    FILED: July 25, 2016
    )

VERELLEN, C.J. — Charles Satiacum challenges his jury conviction for attempting to elude a pursuing police vehicle and his endangerment sentencing enhancement. Satiacum contends that the admission of statements made by a nontestifying witness violated his rights under the confrontation clause of the Sixth Amendment. Because any error was harmless beyond a reasonable doubt, we affirm.

## FACTS

During the evening of December 20, 2014, several officers from the Tacoma Police Department were conducting an area check for a dark green Ford Taurus that had been identified as a suspect vehicle in a criminal investigation. Officer Brian Hudspeth located the Taurus traveling northbound on Pacific Avenue, where he observed the driver repeatedly change lanes while signaling halfway through the lane change. When the Taurus stopped at a red light, Officer Hudspeth attempted to initiate a traffic stop. The Taurus instead turned right onto South 25th Street, a

narrow single-lane road with a speed limit of 30 miles per hour, and began to travel at speeds in excess of 50 miles per hour. The Taurus swerved into oncoming lanes of traffic to pass vehicles and ran a red light without stopping or slowing to check for traffic. Officer Hudspeth lost sight of the Taurus as it accelerated to over 90 miles per hour while continuing to swerve into oncoming lanes of traffic.

Officer David Johnson eventually relocated the Taurus driving westbound on Puyallup Avenue. Officer Johnson activated his emergency lights and siren, and the Taurus sped away from him at more than 70 miles per hour, weaving in and out of traffic. The Taurus turned right onto Pacific Avenue, where it hit train tracks and was briefly propelled into the air, emitting sparks as it landed on the street. The Taurus ran another red light before speeding through a busy pedestrian area, still at approximately 70 to 80 miles per hour. Officer Johnson testified that this was "a busy area of the town" with several bars and restaurants and there were many people and cars in the area because it was a Friday night.[1] Officer Johnson then lost sight of the vehicle.

Officer Zachery Wolfe located the Taurus approximately a mile north, after Pacific Avenue turned into Schuster Parkway. The Taurus had gone off the road, slid down an embankment, and come to rest facing the opposite direction on some railroad tracks. Officers arrested the driver of the Taurus, later identified as Satiacum, as well as Satiacum's passenger.

---

[1] Report of Proceedings (April 6, 2015) at 145.

Approximately five or ten minutes after the crash occurred, a civilian witness approached Officer Johnson at the scene. Appearing shaken, the witness gave his name as Virgil Pelton and told Officer Johnson that he had observed the accident. Pelton told Officer Johnson that he had been traveling northbound on Schuster Parkway when the Taurus approached his vehicle from behind at a high rate of speed and then swerved, missing Pelton's vehicle by approximately a foot. Pelton also told Officer Johnson he saw the driver of the Taurus lose control of the vehicle and crash.

The State charged Satiacum by amended information with attempting to elude a pursuing police vehicle and alleged as an aggravating factor that Satiacum had "endangered one or more persons other than the defendant or the pursuing law enforcement officer" during the commission of the crime.[2] Pelton did not testify at trial, but the State sought to admit Pelton's statements through Officer Johnson. Citing Crawford v. Washington,[3] Satiacum argued that the admission of the statements violated his rights under the confrontation clause of the Sixth Amendment. The trial court did not rule on Satiacum's Crawford objection. Instead, the trial court ruled that the statements were admissible as they fell into the excited utterance exception to the hearsay rule.

---

[2] Clerk's Papers at 4.
[3] 541 U.S. 36, 50, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

3

A jury convicted Satiacum as charged and returned a special verdict finding that the State had proved the aggravating factor beyond a reasonable doubt.[4] Satiacum appeals.

## DECISION

The confrontation clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."[5] The confrontation clause bars the admission of "testimonial" statements of a witness who does not appear at trial unless the witness is unavailable to testify and the defendant had a prior opportunity for cross-examination.[6] We review de novo alleged confrontation clause violations.[7]

Here, the State essentially concedes, and we agree, that the admission of Pelton's statements violated Satiacum's confrontation rights. The question presented here is whether the error requires reversal.

Violations of the confrontation clause are subject to harmless error analysis.[8] "[W]here the untainted evidence admitted is so overwhelming as to necessarily lead to a finding of guilt, the error is harmless."[9] "'Whether such an error is harmless in a

---

[4] The jury also convicted Satiacum of obstructing a law enforcement officer and resisting arrest based on his actions after the crash of the Taurus. Satiacum does not challenge these convictions.

[5] U.S. Const. amend. VI.

[6] Crawford v. Washington, 541 U.S. 36, 53-54, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

[7] State v. Kronich, 160 Wn.2d 893, 901, 161 P.3d 982 (2007).

[8] State v. Davis, 154 Wn.2d 291, 304, 111 P.3d 844 (2005).

[9] Id. at 305.

particular case depends upon a host of factors . . . includ[ing] the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.'"[10] The State bears the burden of proving beyond a reasonable doubt that the error was harmless.[11]

A person is guilty of attempting to elude a pursuing police vehicle if he "willfully fails or refuses to immediately bring his or her vehicle to a stop and who drives his or her vehicle in a reckless manner while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop."[12] To convict a person of the aggravating factor of endangerment, the State must prove that the person "committed the crime while endangering one or more persons other than the defendant or the pursuing law enforcement officer."[13]

Here, there was ample evidence in addition to Pelton's statements that Satiacum drove in a reckless manner and endangered others. Satiacum drove at extremely high speed, sometimes up to 90 miles per hour in a 30 mile-per-hour speed zone. He repeatedly swerved into oncoming lanes of traffic and ran red lights and stop signs without stopping or slowing to check for traffic. Satiacum then drove at 70 to 80 miles per hour through downtown Tacoma on a Friday night when there

---

[10] State v. Jasper, 174 Wn.2d 96, 117, 271 P.3d 876 (2012) (quoting Delaware v. Van Arsdall, 475 U.S. 673, 684, 106 S. Ct. 1431, 89 L. Ed. 2d 674 (1986)).

[11] Id.

[12] RCW 46.61.024(1).

[13] RCW 9.94A.834(2).

were many people present visiting the area's popular bars and restaurants. He ultimately lost control of the vehicle and crashed into some railroad tracks. Satiacum's actions not only presented a substantial risk of harm to other drivers and pedestrians, they also significantly endangered his passenger. In light of this overwhelming untainted evidence, there is no reasonable probability that the outcome would have been different had Pelton's statements not been admitted. Any error was harmless.

In reply, Satiacum asks that we deny any request by the State for costs to be awarded on appeal. Because the State has not yet had an opportunity to respond, nor submitted a cost bill, Satiacum's request is premature. We will consider Satiacum's request should the State choose to seek costs.

Affirmed.

WE CONCUR:

Trickey, J.

Cox, J.