
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75678-8-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| JUSTIN SHANE TILAND, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: <u>March 5, 2018</u> |
| | ) | |

Cox, J. – Justin Tiland appeals his conviction for attempting to elude a pursuing police vehicle. Because the evidence is sufficient to prove that he was driving the vehicle that attempted to elude the police, we affirm his conviction.

On December 20, 2015, around 1:30 p.m., Officer Bryant Gerfin was called to an apartment parking lot on a "suspicious circumstances" call concerning two men and a white Cadillac. When he arrived, he saw two men wandering around the parking lot, and he asked for their names. Tiland provided his name and date of birth. The other man seemed very nervous and gave a false name. He was later identified as Guillermo Sienfuegos. After speaking with Officer Gerfin for about three minutes, the two men walked to a white Cadillac parked in the lot. Tiland waved at Officer Gerfin, got into the driver's seat of the Cadillac, and drove away.

Officer Gerfin ran a license check and learned that Tiland's license was suspended. At the same time, Sergeant Adam Vermeulen was driving into the lot. He learned that the registration on the Cadillac had expired.

Both officers were in fully-marked patrol cars, and they began to follow the Cadillac, attempting to pull it over. The officers activated the lights and sirens on their patrol cars.

The speed limit was 25 m.p.h., but even with the officers following at 40 m.p.h., the Cadillac pulled away. Despite heavy traffic, Tiland went through intersections without stopping and swerved into oncoming traffic. The Cadillac reached speeds close to 80 m.p.h. and Sergeant Vermeulen called off the pursuit as too dangerous. Tiland drove away, out of sight.

Officer Gerfin and Sergeant Vermeulen soon found the Cadillac, a few blocks away. It had been driven over a curb and sidewalk and crashed into a light pole. The car was empty, but the officers found Tiland and Sienfuegos nearby.

The State charged Tiland with attempting to elude a pursuing police vehicle and the aggravating factor of causing a threat of harm to another. The jury convicted him, and he was sentenced accordingly.

Tiland appeals.

## SUFFICIENCY OF THE EVIDENCE

Tiland argues that there was insufficient evidence to support his conviction for attempting to elude a pursuing police vehicle. Specifically, he argues that

2

there was insufficient evidence to prove that he was driving the vehicle involved in the police pursuit. We disagree.

Due process requires the State to prove, beyond a reasonable doubt, every element of the crime charged.[1] "A sufficiency challenge admits the truth of the State's evidence and accepts the reasonable inferences to be made from it."[2] On review, we will consider both circumstantial and direct evidence as equally reliable and defer to the trier of fact on issues of conflicting testimony, witness credibility, and the persuasiveness of the evidence.[3]

"We will reverse a conviction 'only where no rational trier of fact could find that all elements of the crime were proved beyond a reasonable doubt.'"[4]

To convict Tiland of attempting to elude a pursuing police vehicle, the State had to prove beyond a reasonable doubt that:

> (1) [Tiland] drove a motor vehicle;
> (2) [He] was signaled to stop by a uniformed police officer by hand, voice, emergency light, or siren;
> (3) [T]he signaling police officer's vehicle was equipped with lights and siren;
> (4) [Tiland] willfully failed or refused to immediately bring the vehicle to a stop after being signaled to stop;
> (5) [W]hile attempting to elude a pursuing police vehicle, [Tiland] drove his vehicle in a reckless manner; and
> (6) [T]he acts occurred in the State of Washington.[5]

---

[1] In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970).

[2] State v. O'Neal, 159 Wn.2d 500, 505, 150 P.3d 1121 (2007).

[3] State v. Thomas, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

[4] State v. Fedorov, 181 Wn. App. 187, 194, 324 P.3d 784 (2014) (quoting State v. Smith, 155 Wn.2d 496, 501, 120 P.3d 559 (2005)).

[5] Clerk's Papers at 53; see RCW 46.61.024(1).

3

To prove the aggravating circumstances, the State had to prove beyond a reasonable doubt that "one or more persons," other than Tiland or the pursuing officers, were "threatened with physical injury or harm" by Tiland's actions when Tiland was attempting to elude the police vehicle.[6]

Tiland contends there was insufficient evidence to prove beyond a reasonable doubt that he was the driver. He relies on the fact that he repeatedly insisted that he was not the driver, that the officers did not see him get out of the driver's seat, and that the car was empty when the officers found it crashed into a light pole. He also notes that a document inside the Cadillac had someone else's photograph on it, there was no fingerprint evidence proving that he was the driver, and no witnesses other than the officers identified him as the driver. We are not persuaded.

In support of a finding that Tiland was driving during the police pursuit, Officer Gerfin testified that he and Tiland spoke for three minutes face-to-face, before Tiland turned and waved and got into the driver's seat. Sergeant Vermeulen testified that Tiland was driving the Cadillac and passed by him such that the patrol car and the Cadillac were "door-to-door." As the Cadillac passed by, Sergeant Vermeulen looked into the driver's side window and saw Tiland shake his head. Sergeant Vermeulen testified that Tiland was driving slowly at that point, and he made eye contact with him.

---

[6] Clerk's Papers at 42; see RCW 9.94A.834.

Although Tiland argues that the officers did not see him exit the Cadillac, they both testified that they never lost sight of the Cadillac from the time it left the parking lot until the time they abandoned the pursuit.

Tiland argues that Officer Gerfin and Sergeant Vermeulen may have confused him with Sienfuegos because they both have dark hair and facial hair. However, Officer Gerfin testified that Sienfuegos is much larger than Tiland, and Sienfuegos had short, almost shaved hair while Tiland did not. He stated that the two men did not even look alike. When asked if it were possible he had been confused about who was driving, he said "no."

Sergeant Vermeulen also testified that the driver was a white male with a beard. He stated that he was sure that Tiland was driving and he could not have confused the two men.

In addition to the testimony of Officer Gerfin and Sergeant Vermeulen, the jury was shown a picture of Sienfuegos so it could determine whether he resembled Tiland. Finally, there was evidence that Tiland had an injury on his stomach that appeared consistent with the location of the steering wheel of the crashed vehicle.

Considering the evidence in the light most favorable to the State, substantial evidence supports the jury's findings, beyond a reasonable doubt, that Tiland committed the crime of attempting to elude a pursuing police vehicle. Substantial evidence also supports the jury's conclusion that while committing the crime, Tiland threatened others with physical injury.

We affirm the judgment and sentence.

_____
COX, J.

WE CONCUR:

_____

_____