# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 80661-1-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| BISAI SERRANO CORONEL, | |
| Appellant. | |

APPELWICK, J. — Serrano Coronel appeals from a judgment and sentence rendered against him for hit and run of an unattended vehicle and criminal impersonation in the first degree. Serrano Coronel asserts the State's evidence was insufficient to find him guilty of either charge. We affirm.

## FACTS

At the time of trial, Bisai Serrano Coronel and Carolina Carro Tlamaxco had known each other for around 15 or 16 years. They have a child together. Carro Tlamaxco also has an older son, C.C. By the time of the incident at issue, Serrano Coronel and Carro Tlamaxco no longer lived together. Carro Tlamaxco did not know where Serrano Coronel was living.

Early on the morning of May 2, 2019, Serrano Coronel went to Carro Tlamaxco's house. Carro Tlamaxco asked him to leave so she could take C.C. to school and then go to work, but he refused. Carro Tlamaxco became scared and went back inside the house. Serrano Coronel followed and asked her to open the

door, but she would not. Serrano Coronel hit the door and stated several times that if Carro Tlamaxco did not come out, he would come in. Carro Tlamaxco called 911. She handed the phone to C.C., who spoke with dispatch. C.C. showed Serrano Coronel the phone through a window to indicate he had called the police.

Serrano Coronel got in his car to leave. As he backed out of Carro Tlamaxco's driveway, he hit the parked car Carro Tlamaxco planned to take to work and to C.C.'s school. The collision caused damage to the parked car's front lights and bumper. Carro Tlamaxco and C.C. both witnessed the crash from inside the house. C.C. testified that Serrano Coronel did not stop after hitting the car, immediately departing instead. Carro Tlamaxco stated that Serrano Coronel briefly stopped, but then left right away.

By the time police arrived, Serrano Coronel had left. While police were at the house, Serrano Coronel called Carro Tlamaxco. Carro Tlamaxco gave the phone to an officer. During their conversation, Serrano Coronel eventually indicated he would return to the house. He arrived in the car he had left in and admitted to police that he had hit Carro Tlamaxco's car while it was parked in her driveway.

Serrano Coronel initially told police his name was "Mauricio Cervantes Serrano" and that his date of birth was October 10, 1985. He also told police his name was "Mauricio Cervantes," which matched the name on a student identification card in his wallet. He stated a few more times that this, or a similar name, was his name. He also said that his name was "Miguel," and later "Miguel Romero Tlamaxco." His signature appeared to read "Miguel Serrano" on an advice

2

of rights form. Eventually, Serrano provided police with his real name, and officers found a match in the national database for his name and picture.

Serrano Coronel was charged with criminal impersonation in the first degree, harassment, hit and run of an unattended vehicle, attempted residential burglary, and violation of a no contact order. On a defense motion, the court severed the violation of no contact order charge and trial proceeded on the first four counts.

Defense repeatedly moved to dismiss the criminal impersonation and hit and run of an unattended vehicle charges both before and during trial. The court denied each motion.

At the conclusion of the State's evidence, the trial court dismissed the attempted residential burglary charge. The jury convicted Serrano Coronel of criminal impersonation in the first degree and hit and run of an unattended vehicle.

Serrano Coronel appeals.

DISCUSSION

Serrano Coronel argues that sufficient evidence does not support his hit and run of an unattended vehicle conviction or his criminal impersonation in the first degree conviction.

Due process requires that the State bear the burden of proving every element of a crime charged beyond a reasonable doubt. State v. Smith, 155 Wn.2d 496, 502, 120 P.3d 559 (2005).

Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the

essential element of the crime proven beyond a reasonable doubt. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). When the sufficiency of the evidence is challenged in a criminal case, all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant. Id. A challenge to sufficiency of the evidence admits the truth of the State's evidence and all reasonable inferences that can be drawn from it. Id.

We defer to the trier of fact who resolves conflicting testimony and evaluates the credibility of witnesses and the persuasiveness of the evidence presented. State v. Carver, 113 Wn.2d 591, 604, 781 P.2d 306 (1989).

I. Hit and Run of an Unattended Vehicle

First, Serrano Coronel asserts that there was insufficient evidence to support his conviction for hit and run of an unattended vehicle.

RCW 46.52.010(1) provides,

The operator of any motor vehicle which collided with any other vehicle which is unattended shall immediately stop and shall then and there either locate and notify the operator or owner of such vehicle of the name and address of the operator and owner of the vehicle striking the unattended vehicle or shall leave in a conspicuous place in the vehicle struck a written notice, giving the name and address of the operator and of the owner of the vehicle striking such other vehicle.

At trial, the jury instructions provided,

To convict the defendant of the crime of hit and run, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about May 2, 2019, the defendant was a driver of a vehicle;

(2) That the defendant's vehicle collided with another vehicle that was unattended;

(3) That the defendant knew that he had been involved in an accident;

(4) That the defendant failed to stop immediately and either then and there locate the operator or owner of the vehicle struck and give that person his name and or leave in a conspicuous place in the vehicle struck a written notice giving his name and address; and

(5) That any of these acts occurred in the State of Washington.

Jury instructions not objected to are treated as the properly applicable law for purposes of appeal. State v. Johnson, 188 Wn.2d 742, 755, 399 P.3d 507 (2017). Serrano Coronel's challenge is limited to whether the State failed to establish elements 2 and 4 of the hit and run crime.

Serrano Coronel first argues that the State failed to establish element 2, because Carro Tlamaxco's car was "attended." At the time of the accident, he argues the car was "attended," because Carro Tlamaxco could observe Serrano Coronel hit her car while looking through the front door window. Serrano Coronel provides no authority where a court has held that a car was "attended" when it is merely observed by the owner.

The term "unattended" is not defined by statute. Where a term is not defined by statute, court will give the term its plain and ordinary meaning unless a contrary legislative intent is indicated. State v. Barnes, 189 Wn.2d 492, 495, 403 P.3d 72 (2017). To determine plain meaning, a court will look to the context of the entire act. Id. at 495-96. Hit and run of an attended car is a separate crime, codified in the same statute criminalizing not just property damage, but injuring or killing a person during the course of a hit and run. See RCW 46.52.020. A hit and run of an attended vehicle is punished more severely than a hit and run of an unattended

vehicle. Cf. RCW 46.52.020(5) (gross misdemeanor), .010(3) (misdemeanor). It logically follows from the plain language of the statutes that the legislature wanted to differentiate between hit and runs that could result in injury and those that could result in only property damage.

Carro Tlamaxco was inside of her house. There was no one in the car at the time of the accident. A jury could reasonably infer that the car was "unattended." We therefore find the State did not fail to meet its burden to establish element 2 of the hit and run of an unattended vehicle charge.

Serrano Coronel next argues the State failed to prove element 4. The jury instruction provided at his trial did not directly track RCW 46.52.010(1). The statute requires a driver to provide the owner of the vehicle they struck with the driver's name and address. Id. The driver may do so either by locating and notifying the driver then and there or by leaving written notice in a conspicuous place on the vehicle. Id. The jury instructions stated the defendant was required to provide his name in either instance, but only required him to provide his address if doing so by written notice. As these instructions were not objected to, they are the law of the case. Johnson, 188 Wn.2d at 755. Therefore, Serrano Coronel argues because Carro Tlamaxco already had his name he fulfilled his duty under the statute.

But, the jury instruction also indicates if the defendant does not "then and there locate the operator or owner of the vehicle struck," then the defendant must "leave in a conspicuous place in the vehicle struck a written notice giving his name and address." Serrano Coronel did not make efforts to locate Carro Tlamaxco

"then and there." Nor did he leave a note, and Carro Tlamaxco did not know his address. Instead, he fled the scene.

Serrano Coronel argues he did not immediately drive away. While Carro Tlamaxco said Serrano Coronel initially paused before driving away from the scene, C.C. testified that he did not. It is for the jury, not this court, to weigh whose testimony was more credible. Further, whether or not he paused is of no consequence. Both Carro Tlamaxco and C.C. testified that he drove away without exiting the vehicle or making contact. A jury could reasonably conclude if Serrano Coronel momentarily paused before leaving the scene of the accident, he still "fail[ed] to take the necessary steps after striking an unattended car." State v. Reding, 119 Wn.2d 685, 691, 835 P.2d 1019 (1992) (synthesizing a driver's duty under RCW 46.52.010).

Viewed in the light most favorable to the prosecution, there was sufficient evidence for the jury to reasonably find Serrano Coronel guilty of hit and run of an unattended vehicle.

II. <u>Criminal Impersonation in the First Degree</u>

Next, Serrano Coronel contends there was insufficient evidence to support his conviction for criminal impersonation in the first degree.

A defendant is guilty of criminal impersonation in the first degree if the defendant "[a]ssumes a false identity and does an act in his or her assumed character with intent to defraud another or for any other unlawful purpose." RCW 9A.60.040(1)(a).

7

At trial, State presented the jury with evidence that Serrano Coronel had given the name "Mauricio Cervantes Serrano" as a false identity to police. Serrano Coronel never disputed that he had given a false name to police. As a result of being given the false name, police could not find a record of him in their database.

Serrano Coronel indicates while the name he gave to police was "Mauricio Cervantes Serrano" or "Mauricio Cervantes," all charging documents refer to the false name "Maurico."[1] The jury instructions provided that the State must prove that "the defendant assumed to false identity of Maurico Cervantes-Serrano." Serrano Coronel argues that because the alleged false name that appears on its charging documents and jury instructions is "Maurico" instead of "Mauricio," the prosecution failed to prove beyond a reasonable doubt that he had violated RCW 9A.60.040(1)(A). It is his contention that this alone is enough to have rendered it impossible for a jury to reasonably conclude that the State had met its burden. We disagree.

The name this defendant was charged with giving police was "Maurico Cervantes-Serrano." Whether the information misspelled the name in this manner or not, the identity of the person who gave the name was not at issue. His real name, Bisai Serrano Coronel, is not the name he initially gave to police. Whether the defendant would have spelled the false first name he gave police with an

---

[1] At the close of the State's evidence the judge pointed out to the deputy prosecutor that the charging documents say "Maurico," rather than "Mauricio." The State argued the "document says Maurico, Mauricio, however we want to pronounce the name, within the document," indicating the State's belief these names were the same, but an issue of pronunciation. The prosecutor guessed that it could be a typo, but he was not the charging attorney. Coronel mentioned the potential spelling discrepancy in his closing statement.

additional "i," which the prosecutor omitted, is of no consequence to the fact that the name he stated was not his real name.  A jury could reasonably conclude that Serrano Coronel assumed the false identity of "Maurico Cervantes-Serrano," acted in that assumed character when speaking to police and did so with the intent to mislead them as to his true identity.

We affirm.

_Appelwick, J._

WE CONCUR:

_Chun, J._     _Leach, J._