IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37084-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CHARLES PRICE EDWIN DIMIT, | ) | |
| | ) | |
| Appellant. | | |

FEARING, J. — We reverse Charles Dimit's conviction for third degree theft and dismiss the charges. A jury instruction required the State to prove that the crime occurred on about February 15, 2018, and the State failed to present any evidence of the date of the theft.

FACTS

In 2018, the Anna Schindler Foundation, a nonprofit entity, constructed two townhomes at 2322 East 28th Avenue. Ronald Marley lives across the street from the address. One fine unidentified day, Marley saw an individual, on the townhouse lot, loading wood boards into a pickup truck. The boards appeared to be other than scrap lumber. Marley photographed the individual loading boards. At trial, an investigating law enforcement officer identified the individual in the photographs as Charles Dimit.

Ronald Marley eventually spoke to a man, on the East 28th Avenue lot, who appeared to have some construction expertise. The man recommended that Marley send the photographs to the general contractor on the project. Marley did so.

In March 2018, the general contractor of the townhouses forwarded the photographs to Pauline Schindler, the founder and executive director of Anna Schindler Foundation. Schindler did not recognize the individual in the photographs. On March 29, 2018, Schindler contacted the Spokane Police Department about a possible theft.

Spokane Police Department Officer Samuel Canty traveled to the 2322 East 28th Avenue, where Canty spoke to Ronald Marley. Marley and Officer Canty reviewed the photographs of the individual loading wood into a truck. By identifying the license plate number of the pickup truck, Officer Canty discovered the registered owner of the truck to be Steve Spickard. Canty journeyed to Spickard's residence. He saw the pickup truck from the photo parked at the home. Canty also spotted a pile of lumber in the residence's yard.

PROCEDURE

The State of Washington charged Charles Dimit with one count of second degree theft alleged to have occurred "on or about February 15, 2018." Clerk's Papers (CP) at 1. After the State rested its case at trial, it moved to amend the charge to third degree theft. The defense did not object, and the trial court authorized the amendment. The trial court dismissed the second degree theft count.

2

The trial court delivered the jury the following to-convict instruction for the crime

of theft in the third degree:

> To convict the defendant of the crime of theft in the third degree, each of the following three elements of the crime must be proved beyond a reasonable doubt:
> (1) That *on or about February 15, 2018*, the defendant wrongfully obtained or exerted unauthorized control over property of another;
> (2) That the defendant intended to deprive the other person of the property; and
> (3) That this act occurred in the State of Washington.
> If you find from the evidence that each of these elements have been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
> On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any of these elements, then it will be your duty to return a verdict of guilty.

CP at 96 (emphasis added).

The jury found Charles Dimit guilty of third degree theft.

LAW AND ANALYSIS

On appeal, Charles Dimit contends that the State failed to prove that the alleged

theft occurred on or about February 15, 2018 or that the crime occurred in Washington

State. The State concedes that it provided insufficient evidence to support the date on

which the crime occurred. Therefore, we do not address whether the State presented

sufficient evidence to convict of a crime inside the State of Washington.

"The test for determining the sufficiency of the evidence is whether, after viewing

the evidence in the light most favorable to the State, any rational trier of fact could have

found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). On a challenge to the sufficiency of the evidence, this court draws reasonable inferences from the evidence in favor of the State. *State v. Davis*, 182 Wn.2d 222, 227, 340 P.3d 820 (2014). A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom. *State v. Salinas*, 119 Wn.2d at 201.

In order to permit the jury to reasonably infer a fact required for conviction, "substantial evidence" supporting that fact must exist in the record rather than a "mere scintilla." *State v. Fateley*, 18 Wn. App. 99, 102, 566 P.2d 959 (1977). "If a reviewing court finds insufficient evidence to prove an element of a crime, reversal is required." *State v. Smith*, 155 Wn.2d 496, 505, 120 P.3d 559 (2005).

"[T]o-convict instructions define the elements of a crime and the State must prove every element in the instructions beyond a reasonable doubt." *State v. Johnson*, 188 Wn.2d 742, 764-65, 399 P.3d 507 (2017). "In criminal cases, the State assumes the burden of proving otherwise unnecessary elements of the offense when such added elements are included without objection in the 'to convict' instruction." *State v. Hickman*, 135 Wn.2d 97, 102, 954 P.2d 900 (1998).

In *State v. Jensen*, 125 Wn. App. 319, 326, 104 P.3d 717 (2005), the trial court included the charging period in the jury instructions and neither party objected. The charging period became the law of the case.

4

In Charles Dimit's prosecution, the State did not object to the to-convict instruction. The instruction included the charging period of "on or about February 15th 2018." CP at 96. The evidence showed that the general contractor working for Pauline Schindler contacted her in March 2018. Officer Samuel Canty responded to a call regarding the property on March 29, 2018.

The State presented no evidence of when the crime occurred. Therefore, the State concedes that the conviction for third degree theft must be reversed and dismissed with prejudice. The State does not argue that "on or about February 15" includes days during the month of March.

CONCLUSION

We reverse and dismiss Charles Dimit's conviction for third degree theft.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____   _____
Korsmo, A.C.J.          Siddoway, J.

5